**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF THIEF RIVER FALLS, Plaintiff,**

v.

**FEDERAL HOME LOAN BANK BOARD; Jay Janis, Andrew A. DiPiprete, and John H. Dalton as members of the Board, and United First Federal Savings & Loan Association of Crookston, Defendants.**

**Civ. No. 6–80–255**

United States District Court,
D. Minnesota,
Sixth Division.

Sept. 2, 1980.

Christopher J. Dietzen, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., for plaintiff.

Harvey Simon, Associate General Counsel and Jonathan K. Heffron, Trial Atty., Washington, D. C., for Federal Home Loan Bank Board.

Edwin M. Odland, Erickson, Erie & Odland, Crookston, Minn., for defendant United First Federal Savings & Loan of Crookston.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This action seeks review of a resolution by the Federal Home Loan Bank Board permitting defendant United First Federal Savings & Loan Association of Crookston (United) to open a branch office in Thief River Falls, Minnesota. Plaintiff is the First Federal Savings & Loan Association of Thief River Falls (First Federal), the only savings and loan association in Thief River Falls. The case is before this court on cross motions for summary judgment. In addition, plaintiff filed a motion to compel discovery.

Plaintiff, before this court, argues that the regulation authorizing approvals of limited branch facilities is unlawful and in the alternative that the decision of the Bank Board was arbitrary and capricious. Plaintiff further urges that it is entitled to compel answers to interrogatories to determine the extent to which each member of the Board reviewed the record before voting on the resolution.

Defendant's motion for summary judgment is GRANTED, plaintiff's motion to compel discovery is DENIED.

### Limited Branch Facility Regulation

Plaintiff argues that 12 C.F.R. 545.14(j) is unlawful. That regulation governs approvals of limited branch facilities and, by reference, requires that the Board consider four factors in ruling on an application for a limited branch facility. The four factors

are: 1. necessity, 2. reasonable probability of success, 3. lack of undue injury to existing savings and loan institutions and 4. applicant's track record in meeting local credit needs. Section 5(e) of the Home Owner's Loan Act of 1933, 12 U.S.C. § 1464(e), requires, in addition to factors one through three above, that the Board consider the "good character and responsibility" of the applicant. Section 5(e) governs the approvals of Bank charters as opposed to limited branch facilities.

▇ Plaintiff argues that because regulation 545.14(j) does not include the "good character and responsibility" requirement of Section 5(e), the regulation is unlawful, *ergo* the resolution approving the limited branch facility is invalid. That issue was not raised at the hearing before the Board and is therefore not properly before this court. *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952); *First National Bank of St. Charles v. Board of Governors of Federal Reserve System*, 509 F.2d 1004 (8th Cir. 1975). Indeed, at the hearing before the Board, counsel for plaintiff argued that the Board need only consider necessity, probability of success and undue injury (Record p. 239). Even if this court were to consider that issue, there appears to be ample authority to support the regulation. *See, City Federal & Loan Association v. Federal Home Loan Bank Board*, 600 F.2d 681, 686 (7th Cir. 1979) (upholding regulation 545.14(j) expressly rejecting argument that regulation must incorporate all § 5(e) requirements, "good character" issue, however, was not directly raised); *Central Savings & Loan Association of Chariton, Iowa v. Federal Home Loan Bank Board*, 293 F.Supp. 617, 622 (S.D.Ia.1968) *aff'd* 422 F.2d 504 (8th Cir. 1970) (upholding 12 C.F.R. § 545.-14-4 governing "mobile facilities" in face of challenge urging regulation void because it failed to incorporate all § 5(e) requirements); *First National Bank of McKeesport v. First Federal Savings & Loan Association of Howestead*, 225 F.2d 33 (D.C.Cir.1955) (upholding full branch facility regulation in face of challenge that regulation failed to include § 5(e) requirements).

## Arbitrary and Capricious

The scope of review in a case such as this is well established and needs reiteration only as a reminder of the very limited role the court plays in reviewing the Bank Board's decision. The Board's decision must be upheld unless it is arbitrary and capricious or an abuse of discretion. *Madison County Building and Loan Association v. Federal Home Loan Bank Board*, 622 F.2d 393 (8th Cir. 1980). It is sufficient if the decision is based on some evidence of record, *First National Bank of Fayetteville v. Smith*, 508 F.2d 1371, 1376 (8th Cir. 1974) *cert. denied* 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975), and there is a rational connection between the facts of record and the agency decision. *Madison County Building & Loan Association, supra*, at 396. Furthermore, this case concerns approval of a limited branch facility requiring "a lesser showing of necessity, usefulness and success than that required for a full branch office." *Id*. 622 F.2d at 395.

▇ There is ample evidence of record to support the Board's finding. Personal incomes increased 95.9% and 9.2% in Pennington County between 1969–1976 and 1975–76, respectively, compared with a state average of 74.0% and 7.3% respectively (Record 39); plaintiff, the only savings and loan in Thief River Falls, has enjoyed a 50% increase in savings between 1974–1978 for an annual increase of approximately $2.6 million. *Id*. at 41 and 45; the two banks in Thief River Falls enjoyed a $2 million per year increase in IPC time deposits between 1975–1978; *Id*. at 45A. Furthermore, plaintiff's own statistics show that Thief River Falls is the largest and fastest growing city in Region 1, *Id*. at 671; and that although that city will enjoy only moderate population growth through 1985, it will enjoy the highest rate of growth of any comparable city in Region 1; *Id*. at 173. The record also indicates that due to the decrease in household size, there will be a steady increase in the number of households, even in those counties with a decline in population.

*Id.* Considering the fact that plaintiff is the only savings and loan in Thief River Falls, the above statistics provide adequate support for the Board's decision that a limited branch facility is both necessary and has a sufficient probability of success.

The court rejects plaintiff's contention that "necessity" as used in 12 C.F.R. § 545.14(j), requires a showing of a "savings market that existing institutions will be unable to serve." To accept that contention would not foster competition, *see* 12 C.F.R. § 556.5(b)5, rather it would lay into the hands of existing institutions a shield to ward off competition under the aegis of governmental regulation. Nor is the court persuaded by plaintiff's argument that the data on the increase in savings and the savings potential is misleading and irrelevant because it is based on national averages and because two thirds of the savings increase is interest on existing savings. Where common sense makes apparent the inapplicability of data the court may reject that data. But absent such a case, it is for the Board, not this court, to determine the relative weight to give statistical data. Were this court to accept plaintiff's invitation to prioritize the statistical data, accepting plaintiff's above the defendant bank's, this court would have to assume the expertise attributed to the agency. The court declines to do so. Furthermore, plaintiff's own data indicates that the per capita savings in the Thief River Falls area is 33% higher than the non–metropolitan statewide level, (Record at 159). That evidence indicates that the savings potential based on national averages may not be unreasonable.

The Board's finding on the undue injury element is sufficiently supported by the facts that plaintiffs enjoyed an annual $2.6 million growth in savings since 1974, (record at 41 and 45) and that plaintiff is well established in the area.[1]

*Motion to Compel Discovery*

Plaintiff additionally seeks a motion to compel answers to interrogatories propounded to the members of the Board. The interrogatories seek information concerning the extent to which each Board member read the record prior to voting on the resolution and also asks each member to identify the portions read and any other data consulted in reaching the decision. It is well established that a party may not probe the mental processes of the decision makers. *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941). Plaintiff's request is simply a *sub rosa* attempt to probe the mental processes of the decision makers caste in procedural terms. The Board has filed a certification of the entire administrative record and the record indicates that the Board considered the entire record. (Record at 331.) Moreover, the fact that the Board members considered the relevant factors is apparent from its resolution approving the limited branch facility.

Defendant's motion for summary judgment is GRANTED; plaintiff's motion to compel answers to interrogatories is DENIED.

---

1. The issue concerning defendant bank's name is mooted by the approval of defendant's new name. Though the court generally cannot consider evidence outside of the record, where, as here unrefuted documentary evidence moots an issue, it can serve no purpose to remand to the administrative agency. The court will not enter a useless decree.