Bennet F. **SCHAUFFLER, Regional Director of the Fourth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner**

v.

**HIGHWAY TRUCK DRIVERS AND HELPERS LOCAL NO. 107, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.**

**Civ. A. No. 28694.**

United States District Court
E. D. Pennsylvania.

Dec. 2, 1960.

472

Walter A. Piczak, Charles B. Slaughter, Washington, D. C., Leonard Leventhal, Regional Atty. N. L. R. B.—Region 4, Philadelphia, Pa., for petitioner.

Richard H. Markowitz, Philadelphia, Pa., for respondent.

GANEY, Chief Judge.

This matter came before the court on petition for and on behalf of the National Labor Relations Board, pursuant to Section 10($l$) of the National Labor Relations Act,[1] as amended (29 U.S.C.A. § 160($l$)), for appropriate injunctive relief pending the final disposition by the National Labor Relations Board as to whether the respondent has engaged in unfair labor practices in violation of Section 8(b) (4), subparagraph (D) of the Act.

Pursuant thereto, testimony was taken and on the defendant's side of the case, Bennet F. Schauffler, petitioner herein, was called for cross-examination and the following colloquy took place:

"Q. Did you make a decision here? When you signed this Complaint, was that your decision? A.

In consultation with my colleagues in Washington.

"Q. Yes, but you made the decision? A. I made the decision.

"Q. All right, you said in consultation. A. But I couldn't answer clearly Mr. Markowitz' question because he made it exclusive, you see."

In order to test the credibility of this witness, counsel called for the production of documents with respect to the decision which the Regional Director testified he made, not for the purpose of determining the scope, nature and extent of the Regional Director's or the National Labor Relations Board's preliminary investigation which it is agreed cannot be gone into, Madden v. International Hod Carriers', Building and Common Laborers' Union of America, Local 41, AFL–CIO, 7 Cir., 277 F.2d 688, but solely to determine whether or not, he had made the decision that reasonable cause obtained, and that the complaint herein should issue. The court directed that the Government's files, solely with respect to that decision, should be furnished to the court in order to make a determination of whether they had any impeachment value with respect to the Regional Director's testimony. The Government refused to so do and the court directed the dismissal of the action.

The question posed here is whether or not a Governmental officer to whom is committed the decision of determining whether reasonable cause exists for the bringing of the necessary Complaint can have his credibility inquired into by requiring the Government to produce, at least for the court's inspection, any relevant documents showing that the decision was his.

We think the Government should provide access to its files in order to show that the decision reached by the Regional

1. This section provides:

"* * * If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court within any district where the unfair labor practice in question has occurred * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter."

Director was his and not that of someone else connected with the National Labor Relations Board. Section 10(*l*) of the Act, as amended, particularly designates the Regional Director, not the General Counsel for the Board, nor the Board itself, to make the investigation and the decision that reasonable cause exists, and we feel that he is in no different category than the ordinary plaintiff in making available the file by way of contradiction. It is unnecessary here to show contradiction in the records we want produced, but it is sufficient, as the Court points out in Jencks v. United States, 353 U.S. 657, at page 666, 77 S.Ct. 1007, at page 1012, 1 L.Ed.2d 1103, that the petitioner was specifically asked questions directed to the point here at issue, to wit, whether he had made such decision and for production purposes, it need only appear that the evidence is relevant, competent and outside of any exclusionary rule. To require the defendant to show beforehand that a witness's testimony conflicts with records or other pertinent documents on the question at issue would deny the defendant the right to impeach that witness, for the determination of whether a conflict between the testimony and the documentary evidence exists cannot be made without the inspection by the court of the pertinent documents.

There is a similarity here to discovery for trial purposes wherein the defendant might be required to show good cause under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of documents—and here good cause is shown—but an application for injunctive relief by the Government is one that must be disposed of promptly and little time is available for pre-trial discovery. It seems requisite to know, *in limine*, before the merits of the action can be tried, that the action was properly brought, that is, that the determination of reasonable cause by the Regional Director after he has appraised the facts acquired by an investigation was made by him and not by some other person connected with the National Labor Relations Board.