The **UNION SAVINGS BANK OF PAT-CHOGUE, NEW YORK, etc., et al.,**
Plaintiffs,

v.

**James J. SAXON, Comptroller of the Currency, Defendant.**

Civ. A. No. 2455-62.

United States District Court
District of Columbia.

Oct. 12, 1962.

Arnold, Fortas & Porter, Washington, D. C., for plaintiffs.

David V. Seaman, Department of Justice, Roy T. Englert, Treasury Department, for defendant.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on "Defendant's Motion That His Deposition Not Be Taken or That it be Stayed and the Place of Taking Changed", and on the Plaintiffs' memorandum of points and authorities in opposition thereto.

By the complaint Plaintiffs allege that on information and belief, the Defendant Saxon's issuance of a branch certificate to the Tinker National Bank of East Setauket was on the basis of ex parte representations by the Tinker National Bank and a "personal relationship" between the President of said Bank and the Defendant Saxon, and in violation of Title 12 U.S.C.A. § 36, and Section 4.5(a) of the Rules and Regulations of the Bureau of Comptroller of the Currency.

Certainly, this Court does not encourage the procedure of taking the oral deposition of the head of an agency of the United States Government, and under normal circumstances would not allow such procedure. The Court recognizes that such an official's time and the exigencies of his everyday business would be severely impeded if every plaintiff filing a complaint against an

agency head, in his official capacity, were allowed to take his oral deposition. Such procedure would be contrary to the public interest, plus the fact that ordinarily the head of an agency has little or no knowledge of the facts in the case. In the instant case, however, Plaintiffs allege actions personal to the Defendant and in violation of the United States Code.

Therefore, under the circumstances of this case, and restricted solely to the facts of this case, the Court is of the opinion that justice and reason require that Plaintiff be allowed to take the oral deposition of the Defendant, but such deposition should be limited to the procedural action taken by the Defendant as to the subject matter of this case, and not the workings of his (Saxon's) mind.

By stipulation between the parties, the place for the taking of such deposition shall be the Defendant's office in the Treasury Department.

It is therefore this 10th day of October, 1962,

ORDERED, that the Defendant's "Motion that his Deposition not be Taken or That it be Stayed" be, and the same hereby is, denied.

AND IT IS FURTHER ORDERED, That the Defendant Saxon submit to the oral deposition requested herein by Plaintiffs, and said deposition be taken in the Office of the Defendant in the Treasury Department;

AND FURTHER, that the time for taking said deposition shall be within a reasonable time from the entry of this Order, on a date and hour agreeable to all parties.