**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL 30, INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant.**

United States District Court
S. D. New York.

Oct. 29, 1963.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York; Arthur S. Olick, Asst. U. S. Atty., of counsel, for plaintiff.

William J. Corcoran, New York City, for defendant.

WYATT, District Judge.

Defendant moves under Fed.R.Civ.P. 37(d) to dismiss the action for failure

of Secretary Wirtz, the plaintiff, to appear for the taking of his deposition.

Plaintiff moves under Fed.R.Civ.P. 30(b) to vacate the notice to take the deposition of Secretary Wirtz in so far as said notice requires the personal attendance of the Secretary.

The action is brought with respect to the conduct of a union election by the Secretary of Labor under Section 402(b) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482 (b)); this Court is given jurisdiction by the cited section.

On August 20, 1963, plaintiff served a notice that on September 11, 1963 at 10 in the morning the deposition of defendant by certain specified officers, etc. would be taken in Room 319 of the Court House, this being the office of the Assistant United States Attorney in charge of the matter.

On August 22, 1963, defendant served a notice that on September 11, 1963 at 10 in the morning, the deposition of plaintiff, Secretary Wirtz, and of one Neville would be taken in the same Room 319 of the Court House.

Counsel for plaintiff notified counsel for defendant under date of August 29, 1963 that Secretary Wirtz would not be produced but that others in the Department would be produced who had knowledge or information relevant to the case.

Defendant insisted on the presence of Secretary Wirtz personally and these two motions therefore followed.

It goes without saying that ours is a government of laws and not of men and that the Secretary of Labor is subject to the lawful orders of this Court, as is any private citizen.

■ But at the same time common sense suggests that a member of the Cabinet and the administrative head of a large executive department should not be called upon personally to give testimony by deposition, either in New York or elsewhere, unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it. No such showing has been made here and in the nature of things it could not be made.

■ Like indictment by a Grand Jury, the Secretary is the initiator or instigator of an action against a labor organization under 29 U.S.C. § 482(b) but as such his action establishes nothing as to the merits of the action. As in other statutes, an action is commenced if the Secretary "finds probable cause". His determination as to this is conclusive; defendant cannot question in this Court either his investigation or his determination of probable cause, Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); cf. Madden v. International Hod Carriers etc. Union, 277 F.2d 688 (7th Cir. 1960; "Scope, conduct or extent of the preliminary investigation" not to be inquired into by the Court).

At the present time, the only possible questions which could be asked the Secretary of Labor are: (1) was there an investigation? and (2) was there a finding of probable cause? These questions can be answered by any number of persons in the Dapartment of Labor as well as by the Secretary himself, or they may be established by documents made available to counsel for defendant.

Nothing in Schauffler v. Highway Truck Drivers & Helpers etc., 196 F. Supp. 471 (E.D.Pa.1960) justifies the course followed by defendant here. The question in Schauffler dealt with the production of documents, not with the propriety of a deposition. Moreover, the documents ordered to be produced were limited to those showing whether or not a determination of "reasonable cause" had in fact been made by an official of the National Labor Relations Board.

■ It is not established for defendant that the personal testimony of the Secretary of Labor is necessary at this time in order to determine whether in

fact there was a finding of "probable cause" here.

Motion of defendant to dismiss the action under Fed.R.Civ.P. 37(d) is denied.

Motion of plaintiff under Fed.R.Civ.P. 30(b) to vacate the notice to take the deposition of Secretary Wirtz is granted to the extent that said notice requires the personal attendance of the Secretary.

So ordered.