VIRGO CORPORATION, Plaintiff

v.

RALPH M. PAIEWONSKY, Governor
of the Virgin Islands, et al., Defendants

## Civil No. 165-1965

## District Court of the Virgin Islands

Div. of St. Croix

## January 13, 1966

## As Amended June 2, 1966

Russell B. Johnson, Esq., Christiansted, St. Croix, Virgin Islands; Howrey, Simon, Baker, and Murchison, Washington, D.C., *for plaintiff*

Francisco Corneiro, Esq., Atty. General, St. Thomas, Virgin Islands, *for defendant*

GORDON, *District Judge*

On December 29, 1965, the motion of the defendant Ralph M. Paiewonsky, Governor of the Virgin Islands, to vacate the taking of his deposition came on for hearing. After the arguments on the motion were made, the Court took the matter under advisement. The Court has done considerable research on this particular question of law since far reaching implications can arise no matter how the motion would have been decided.

The gravaman of the defendant's motion is that Ralph M. Paiewonsky, being the Governor and Chief Executive of the Virgin Islands, may not be subject to questioning concerning actions performed by him in the exercise of his authority as Governor. The defendant cites as authority for the above proposition the rule that the chief executive of a state, by virtue of the doctrine of separation of powers, may not be compelled to be a witness. Marbury v. Madison, 1 Cr. 137.

The plaintiff in opposing this motion argued that the Governor of the Virgin Islands is not the sovereign head of a state. Thus, the rule stated above is not applicable. It was argued that since the Governor is appointed by the President of the United States [Revised Organic Act of the Virgin Islands—July 22, 1954, ch. 558, § 11, 68 Stat. 503, 48 USCA § 1591] and supervised by the Secretary of the Interior [supra], the Governor is a presidential appointee and stands in no better position than any other presidential appointee, and thus can be deposed. Union Savings Bank v. Saxon, 209 F.Supp. 319 (D.C. Cir., 1962).

The Court is of the opinion that according to the circumstances of this case, and restricting itself to this case alone, the ends of justice require the Governor to be orally deposed by the plaintiff pursuant to the Federal Rules of Civil Procedure.

■ The Governor of the Virgin Islands is a presidential appointee and under the supervision of the Secretary of the Interior [supra]. Although the Governor is appointed by the President of the United States, he carries out many of the same functions as the Governor of any of the 50 sovereign states. Therefore, he holds a quasi-gubernatorial position which is peculiar to the unincorporated Territory of the Virgin Islands.

■ One of the reasons cited for not permitting the executive of a state to be deposed is the fact that an executive's time is valuable and the necessity of carrying out his duties would be severely impeded if every person who sues the government would be permitted to take the executive's deposition. To permit indiscriminate taking of depositions of such government heads would not be in the public interest and create a breakdown in the administration of the governmental functions. The Court is in full accord with this principle, but as stated above the particular facts of this case dictate that the deposition of Governor Paiewonsky be taken.

To understand the full import of this holding, a brief discussion of the allegations of the complaint and functions of the Governor under the Act which plaintiff brings this suit is necessary.

The plaintiff seeks to invalidate the action of the Governor in allocating 240,000 of 300,000 reserve watch units to Atlantic Time Products Corporation pursuant to §§ 511–518, chapter 9, Title 33 of V.I.C., which is commonly known as the watch quota law. The plaintiff alleges in the complaint that the actions of the Governor were

arbitrary and were taken as a result of Congressional pressures or given solely on the basis of personal friendships.

The functions of the Governor under this watch quota law in regard to allocation of reserve quotas are stated in 33 V.I.C. § 515:

"In making grants out of the reserve amount provided for in sections 512, and 513(b) of this chapter, the Governor shall give special weight to the maintenance and promotion of employment and to the complete assembly of watches from individual component parts and other characteristics of production contributing special value to the Virgin Islands. The Governor shall also take into account, but is not limited to the consideration of the following factors: investment in plant and equipment for watch-making in the Virgin Islands, minimum quantities required for production without loss, and abnormal or unforeseeable economic circumstances."

By the terms of the statute the allocation of reserve quotas is solely within the discretion of the Governor. Since the ultimate responsibility falls upon the Governor to make such allocations, and the Governor in fact did make such allocations, the plaintiff shall be permitted to inquire into the objective standards or criteria employed, the factors taken into account, and the circumstances surrounding the allocation of reserve quotas to Atlantic Time. The plaintiff will not, however, be permitted to inquire into the mental process of the Governor in making the reserve allocations.