STATE of Wisconsin, Plaintiff-Appellant,

v.

BELOIT CONCRETE STONE Co. and AAA Disposal Systems, Inc., Defendants-Respondents.†

Court of Appeals

No. 80–1255. Submitted on briefs March 19, 1981.—
Decided June 25, 1981.
(Also reported in 309 N.W.2d 28.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Shari Eggleston,* assistant attorney general.

For the defendants-respondents the cause was submitted on the brief of *Robert J. Ruth* and *Bolgrien & Ruth, S.C.,* of Beloit.

Brief of amicus curiae was filed by *Daniel T. Kelley* and *Hansen, Eggers, Berres & Kelley, S.C.* of Beloit, on behalf of City of Beloit and Named Individuals.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The state appeals from the judgment dismissing its action against defendants, entered because the trial court found that the state willfully violated two discovery orders. The orders required the state to produce for deposition then-secretary of the Department of Natural Resources (DNR), Anthony Earl,[1] and to pay defendants $200 expenses as a sanction for failure to provide discovery. The issues are whether the defendants were entitled as of right to take the secretary's deposition, whether they may recover motion expenses from the state, and whether dismissal is appropriate. We decide the issues in favor of the state and reverse.

The state's complaint seeks forfeitures from Beloit Concrete Stone Company (Beloit Concrete) and AAA Disposal Systems (AAA) for violating Wisconsin's solid waste disposal laws, sec. 144.43, *et seq.,* Stats. 1977, by, among other things, depositing unauthorized wastes, contrary to the disposal license, and injunctive relief. Beloit Concrete, the disposal site owner, alleges that AAA, its lessee, committed the violations and cross-

[1] Earl resigned as Secretary of the Department of Natural Resources November 1, 1980, after the trial court judgment was entered. We agree with the state that his resignation does not make moot the issue whether the trial court should have granted the state's motion for an order protecting the secretary from deposition. Of course, we express no opinion whether ex-Secretary Earl may now be compelled to give his deposition.

claims against AAA for indemnification. AAA denies the violations and alleges that it operated the site pursuant to a license issued by the DNR which authorized the waste deposits complained of, and that the state's action is barred by laches and estoppel.

AAA served notice that it would orally examine Secretary Earl, pursuant to sec. 804.05, Stats. The notice required the secretary to bring to the deposition all solid waste disposal licenses issued to either defendant from 1972 through 1978 and all notes, departmental orders, reports, memoranda, letters, correspondence and files of the DNR relating to the action or to either defendant since 1972.

The state, relying on sec. 804.05 (2) (e), Stats., sought a protective order against taking the secretary's deposition because the notice did not designate with reasonable particularity the matters on which examination was requested.[2] The motion states that if defendants specified those matters, the secretary would designate departmental representatives to testify. The trial court denied the motion and another discovery motion, the

---

[2] Section 804.05 (2) (e), Stats., provides:

A party may in the notice name as the deponent a public or private corporation or a partnership or an association or a governmental agency or a state officer in an action arising out of the officer's performance of employment and designate with reasonable particularity the matters on which examination is requested. The organization or state officer so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This paragraph does not preclude taking a deposition by any other procedure authorized by statute or rule.

Federal Rule of Civil Procedure 30 (b) (6) differs only in that it lacks reference to "a state officer in an action arising out of the officer's performance of employment."

merits of which are not involved in this appeal,[3] and ordered the state to pay defendants a total of $200 for motion expenses.

The state moved for reconsideration on grounds that the purpose of sec. 804.05(2)(e), Stats., is to permit an official of an administrative agency to designate which agency employee can offer relevant testimony based on firsthand information. The secretary's affidavit disavows his firsthand knowledge of defendants' disposal operations, the alleged violations or the terms or conditions of any license issued to them, and names the DNR employee responsible for issuing solid waste disposal licenses. The trial court denied the motion.

The court of appeals denied the state's petition for leave to appeal the trial court's order. This court's order states that the secretary was required to attend the deposition because his affidavit failed to designate specifically who would testify and whether that person would consent to the deposition, as required by sec. 804.-05(2)(e), Stats. The same day our order was issued, the secretary designated Brusca, a DNR investigator, to testify. The designation states that Brusca consented to the deposition and that if defendants would designate other matters on which examination was requested, the secretary would make additional designations of DNR representatives for depositions. Brusca appeared at the deposition held the next day and brought the DNR file available to him, but did not produce the documents sought by the notice of the secretary's examination.

AAA moved to dismiss the state's action[4] because the secretary had not appeared for the deposition. The trial

---

[3] AAA also served notice that it would orally examine DNR employee Miller. The state does not contest the denial of its motion to protect Miller from deposition, and argues only that the assessment of motion expenses was erroneous.

[4] Section 804.12(2)(a)3, Stats., authorizes dismissal of an action if a party or a person designated under sec. 804.05(2)(e) fails to obey an order to provide or permit discovery.

court interpreted our order to require the secretary to appear for the deposition, concluded that the state willfully violated the trial court's orders to produce the secretary for deposition and to pay motion expenses and dismissed the action.

1. *Protective Order*

The judgment dismissing the state's action is predicated ultimately on the trial court's refusal to grant a protective order.

The court of appeals denied the state's petition for leave to appeal on the assumption that the deposition of a state officer is controlled by sec. 804.05(2)(e), Stats. We erred.

Section 804.05(2)(e), Stats., is not the exclusive statutory authorization for deposing an individual who is head of a state agency. Parties may depose state officers under sec. 804.05(1), which authorizes deposition of "any person."

Issuance of a protective order in a discovery proceeding is within the trial court's sound discretion. Upon a showing of good cause, sec. 804.01(3)(a), Stats., authorizes the trial court to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense in a discovery proceeding. Appellate review of a trial court's refusal to issue a protective order is therefore limited to whether the court properly exercised its discretion. The proper exercise of discretion requires that the trial court's reasoning be based on proper legal standards and consideration of legally relevant factors. *McCleary v. State,* 49 Wis.2d 263, 277, 182 N.W.2d 512, 519 (1971).

All the administrative powers and duties of the DNR are vested in the secretary, under the direction of the Natural Resource Board. Secs. 15.05(1)(b), 15.34,

Stats. It is no small matter if the secretary is taken from his duties to attend a deposition. Those duties do not, however, immunize the secretary from a compulsory deposition at the cost of justice.

Federal courts have concluded that highly placed government officials are not normally subject to deposition. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ; *Peoples v. United States Department of Agriculture*, 427 F.2d 561, 567 (D.C. Cir. 1970). The legal standard employed in the federal courts is stated in *Wirtz v. Local 30, International U. of Operating Engineers*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963) : "[C]ommon sense suggests that a member of the Cabinet and the administrative head of a large executive department should not be called upon personally to give testimony by deposition, . . . unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it." The standard enunciated in *Wirtz* was applied in *Sneaker Circus, Inc. v. Carter*, 457 F. Supp. 771, 794 n. 33 (E.D.N.Y. 1978), *affirmed*, 614 F.2d 1290 (2d Cir. 1979), and *United States v. Northside Realty Associates*, 324 F. Supp. 287, 295 (N.D. Ga. 1971) (absent clear showing of need to prevent injustice, deposition of executive department head may not be taken). Other state courts have adopted the federal standard. *Cal. State Bd. of Pharmacy v. Superior Court*, 78 Cal. App.3d 641, 144 Cal. Rptr. 320, 322–23 (Dist. Ct. App. 1978) ; *Davis v. United States*, 390 A.2d 976, 981 (D.C. 1978) ; *Hyland v. Smollok*, 137 N.J. Super. 456, 349 A.2d 541, 543 (App. Div. 1975), *cert. denied*, 71 N.J. 328, 364 A.2d 1060 (1976).

We conclude that a highly placed state official who seeks a protective order should not be compelled to testify on deposition in his official capacity unless a clear showing is made that the deposition is necessary to pre-

vent prejudice or injustice. In determining whether to grant an official's motion for a protective order, the trial court should consider, among other things, such factors as the effect on government business if the official must attend a deposition and the likelihood that the alternative procedure provided by sec. 804.05(2)(e), Stats., will provide the party seeking discovery with the information sought.[5]

The trial court, lacking published precedent in this state, did not consider the relevant factors and made no finding whether AAA clearly showed that it was necessary to depose the secretary to prevent prejudice or injustice. Once it appears that the trial court has incompletely analyzed the relevant factors when exercising its discretion, and has in that sense abused its discretion, the court of appeals must remand the matter for a *de novo* consideration of the matter. *Wis. Asso. of Food Dealers v. City of Madison,* 97 Wis.2d 426, 435, 293 N.W.2d 540, 545 (1980).

2. *Expenses*

The trial court ordered the state to pay $200 expenses on its unsuccessful motion for protective orders, pursuant to secs. 804.01(3)(b) and 804.12(1)(c), Stats. Those statutes authorize the trial court to award to the party seeking discovery expenses incurred in successfully resisting a motion for a protective order. Neither stat-

---

[5] *See* Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery, Advisory Committee's Notes, regarding Fed. R. Civ. P. 30(b)(6): "Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision." 48 F.R.D. 487, 515 (1970).

ute on its face authorizes assessment of expenses on discovery motions against the state.

*Martineau v. State Conservation Comm.*, 54 Wis.2d 76, 79, 194 N.W.2d 664, 666 (1972), holds that costs may not be taxed against the state or an administrative agency of the state unless expressly authorized by statute. We conclude the trial court erred in awarding expenses against the state.

3. *Dismissal*

The trial court dismissed the state's action after concluding that the state willfully violated the trial court's orders for discovery and to pay reasonable expenses as a sanction for failure to provide discovery.

Because the trial court abused its discretion in denying the state's motion for a protective order and erred in awarding expenses against the state, it erred in dismissing the action.

We cannot affirm dismissal of the state's action on two additional grounds urged on appeal, neither of which was relied on by the trial court: failure to designate the employee responsible for issuing solid waste disposal licenses, and Brusca's failure to produce the documents sought by the notice of examination. Dismissal for a violation of discovery orders is within the trial court's discretion and requires a finding of bad faith. *Furrenes v. Ford Motor Co.*, 79 Wis.2d 260, 268, 255 N.W.2d 511, 515 (1977). The court of appeals may not exercise discretion properly left to the trial court, *Wis. Asso. of Food Dealers*, 97 Wis.2d at 434–35, 293 N.W.2d at 545, and is constitutionally precluded from making a finding of fact. *Wurtz v. Fleischman*, 97 Wis.2d 100, 107, 293 N.W.2d 155, 159 (1980). AAA's request is beyond the scope of our review in both regards.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.