**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**FEDERAL HOME LOAN BANK BOARD, Defendant.**

**Misc. No. 82–0296.**

United States District Court, District of Columbia.

Feb. 4, 1983.

Harold L. Ward, Miami, Fla., for plaintiff.

John Gunther, William K. Black, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

In this proceeding ancillary to a civil action now pending in the U.S. District Court for the Southern District of Florida, defendant Federal Home Loan Bank Board ("FHLBB" or "Board") has moved for a protective order to shield two of its Board members from oral depositions plaintiff proposes to take in the District of Columbia.

It appears that plaintiff Community Federal Savings and Loan Association ("Community Federal") was the subject of an intra-corporate dispute in 1980 between two factions of its board of directors. When one faction secured control of Community Federal, the other brought suit against it to invalidate the election by which the former had acquired control and prevailed in District Court. The appeal is reported to be still pending.

In the meantime the FHLBB has appointed a conservator for Community Federal pursuant to 12 U.S.C., § 1464(d)(6)(A)(iii) as an institution in "an unsafe or unsound condition to transact business" while the dispute continues. The incumbent management filed a second ac-

tion, in the name of Community Federal, contesting the appointment of the conservator and gave notice to take the depositions of 11 officials of the Board in the District of Columbia, including its Chairman, Richard T. Pratt, and Board member Jamie Jackson, who are the only subjects of the instant motion. The Board has not opposed the other depositions.

■ Both parties agree that the issue turns on the extent to which the policy against exploratory inquiries into the mental processes of administrative agency decision-makers declared in *United States v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941) should apply. Although the law on the subject is neither abundant nor altogether consistent, some general principles can be discerned as to when it does not apply. First, if an administrative record was made in conjunction with the decision to be reviewed, there must be a showing of grounds to suspect bad faith or improper behavior not apparent from the administrative record before a discovery deposition of the decision makers is appropriate, and the more senior the official to be deposed the stronger the showing to be demanded. *United States v. Morgan, supra; Warren Bank v. Camp,* 396 F.2d 52, 56 (6th Cir.1968); *First Federal Savings & Loan v. FHLBB,* 496 F.Supp. 227 (D.Minn. 1980). Second, an inadequate administrative record, or none at all, may warrant a deposition of an agency official where it might not otherwise be appropriate if there is no other way to effect judicial review. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *D.C. Federation of Civic Ass'ns. v. Volpe,* 316 F.Supp. 754, 760–61 n. 12 (D.D.C.1970), *rev'd on other grounds,* 459 F.2d 1231 (D.C.Cir.1971), *cert. denied,* 405 U.S. 1030, 92 S.Ct. 1290, 31 L.Ed.2d 489 (1972). Third, the deposition of an agency official may be permitted when the official has relevant first-hand personal knowledge of matters material to the decision which are not a part of the administrative record and not available from some other source. *Union Savings Bank v. Saxon,* 209 F.Supp. 319 (D.D.C.1962); *Virgo Corp. v. Paiewonsky,* 39 F.R.D. 9 (D.V.I.1966).

■ In the absence of such extraordinary circumstances, however, an agency official—even if nominally a party—is generally not to be required to submit to an oral discovery deposition in connection with civil litigation when the agency itself has or is willing to respond institutionally to discovery initiatives by producing the administrative record or other documents, answering interrogatories, or by designating a single representative to speak for the agency on deposition in accordance with Fed.R. Civ.P. 30(b)(6).

The reasons for the *Morgan* policy are obvious. Not only must the integrity of the administrative process be protected, but public policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases. Considering the volume of litigation to which the government is a party, a failure to place reasonable limits upon private litigants' access to responsible governmental officials as sources of routine pre-trial discovery would result in a severe disruption of the government's primary function. *See Capitol Vending Co. v. Baker,* 36 F.R.D. 45 (D.D.C. 1964).

■ Upon the record presently before the Court, plaintiff has failed to justify the depositions it seeks in the instant case. It has not alleged, much less shown evidence of, bad faith on the part of the two members of the Board whom it would depose (nor, for that matter, on the part of anyone else) with respect to the decision to appoint a conservator for Community Federal. Nor does it contend that the administrative record on which the decision was made (said to be several hundred pages in length) is inadequate. It has presented no information from which the Court could conclude that Board members Pratt or Jackson have any unique personal knowledge concerning the decision. And it has not shown that the information it hopes to elicit from them is not ascertainable by way of interrogatories

addressed to the Board, the deposition of a single spokesman designated to testify for it, or the testimony of the nine other witnesses whose depositions the Board has not opposed.

For the foregoing reasons, it is, this 4th day of February, 1983,

ORDERED, that defendant's motion for a protective order prohibiting the depositions upon oral examination of Federal Home Loan Bank Board members Richard Pratt and Jamie Jackson is granted, and the notice of their depositions is vacated.