## Barbara M. Monti v. State of Vermont

[563 A.2d 629]

No. 88-540

Present: **Peck, J. and Barney, C.J. (Ret.), Bryan and Katz, Supr. JJ. and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed June 9, 1989

*Richard E. Davis* and *T. Christopher Greene* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff-Appellee.

*Jeffrey L. Amestoy, Attorney General, Robert W. Gagnon, Senior Assistant Attorney General,* and *Jeanne Baker, Legal Counsel to Governor,* Montpelier, for Defendant-Appellant.

**Peck, J.** The Governor of the State of Vermont, Madeleine M. Kunin, has filed both a petition for extraordinary relief pursuant to V.R.A.P. 21, and a notice of appeal, seeking this Court's review of the trial court's denial of her motion for a protective order against the taking of her oral deposition.

Barbara Monti, a former State of Vermont employee, brought a civil action against the State for wrongful discharge from employment,[1] in which she sought to depose Governor Kunin regarding the circumstances of her discharge. The Governor sought a protective order pursuant to V.R.C.P. 26(c) to "resist compulsory process and a vexatious deposition," although she has offered to answer written interrogatories and "has waived executive privilege as to the content of communications between herself and other administration officials regarding plaintiff's discharge." The former Commissioner of Agriculture, plaintiff's immediate superior, has testified in deposition as to those communications.

The trial court denied Governor Kunin's motion for a protective order on the ground that, by waiving her privilege against disclosure of the content of the communications at issue, she had also waived any right to raise objections either to the propriety of oral deposition of a high governmental official, or to the availability of compulsory judicial process against herself as chief executive. The trial court also declined to find that compelling the Governor's oral deposition would violate the principles of separation of powers set forth in Chapter II, § 5 of the Vermont Constitution.

## I.

We first address our jurisdiction, as this matter has been filed in the alternative as a petition for extraordinary relief and as an appeal under the collateral final order doctrine.[2] See *State* v. *La-*

---

[1] She has since filed another civil action in which she has named the Governor, inter alia, as a defendant. The reasoning of this opinion does not depend on the Governor's status in the instant case as a nonparty witness rather than a party.

[2] Our procedural rule governing such collateral final order appeals, V.R.A.P. 5.1, effective May 1, 1989, was adopted since the filing of the notice of appeal in this matter.

*fayette,* 148 Vt. 288, 290-91, 532 A.2d 560, 561 (1987) (relying on *Cohen* v. *Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546-47 (1969)).

■ We need not "venture far into the quagmire of 'collateral order' lore." *Wilk* v. *American Medical Ass'n,* 635 F.2d 1295, 1298 (7th Cir. 1980). If the issue is substantial or sensitive, as it is in this case, a petition for extraordinary relief is an appropriate means for challenging a pretrial discovery order on the ground of the trial court's abuse of discretion. *Ley* v. *Dall,* 150 Vt. 383, 386, 553 A.2d 562, 564 (1988); *Ellingson & Assoc., Inc.* v. *Keefe,* 396 N.W.2d 694, 696 (Minn. Ct. App. 1986) (extraordinary writ appropriate form of relief for state commissioner of labor and industry to argue trial court exceeded its power in issuing pretrial order that he submit to deposition); see also *City of Las Vegas* v. *Foley,* 747 F.2d 1294, 1296 (9th Cir. 1984) (writ of mandamus appropriate vehicle to challenge deposition of city officials).[3]

## II.

The Governor first argues that public policy requires that courts protect high-level government officials from oral deposition except upon the strongest showing of need. Plaintiff argues that this is an issue that was not raised to the trial court and therefore cannot be raised on appeal or by a petition for extraordinary relief.

We conclude that by her request for a Rule 26 protective order against both "compulsory process" and "vexatious deposition," the Governor effectively raised the issue of the propriety of oral deposition of high governmental officials, as distinct from the issue of an executive privilege to resist testimonial compulsion, even though the request was cast in the somewhat misleading language of executive privilege.

The federal courts have uniformly held that a highly-placed executive branch governmental official should not be called upon personally to give testimony by deposition, at least unless a clear showing is made that such a proceeding is essential to prevent

---

[3] We note that the Second Circuit Court of Appeals declined to follow *Wilk's* use of extraordinary relief, applying the collateral final order doctrine instead. *H.L. Hayden Co.* v. *Siemens Medical Systems, Inc.,* 797 F.2d 85, 90 (1986). But that case arose in the context of the State's unsuccessful intervention in a private lawsuit, seeking a protective order as to certain state official witnesses, and has only limited relevance to the matter at hand.

prejudice or injustice to the party requesting it.[4] The few states that have had occasion to reach this question have adopted this standard as well.[5]

This is not a doctrine related to the content of the testimony, for which a executive branch official might claim executive privilege, but rather a doctrine founded on notions of the public's in-

---

[4] The federal rule has been applied to a variety of state and federal executive positions. See *Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir.), *cert. denied*, 459 U.S. 878 (1982) (upheld protection of state governor from deposition); *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (upheld protective order, noting that state governor answered appellants' interrogatories); *Kyle Eng'g Co.* v. *Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979) (upheld order directing head of federal agency to answer interrogatories in lieu of deposition); *Peoples v. United States Dep't of Agric.*, 427 F.2d 561, 567 (D.C. Cir. 1970) (trial court to assure discovery will not unduly burden government officials); *Weir v. United States*, 310 F.2d 149, 154-55 (8th Cir. 1962) (federal cabinet officer not required to appear at deposition); *Community Fed. Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983) (plaintiff failed to show extraordinary circumstances justifying oral depositions of federal bank board members); *Cornejo v. Landon*, 524 F. Supp. 118, 122 (N.D. Ill. 1981) (protective order granted to head of I.N.S.): *United States v. Northside Realty Assoc.*, 324 F. Supp. 287, 295 (N.D. Ga. 1971) (order granted against oral deposition of federal cabinet officers, interrogatories and requests for admissions were held adequate means of discovery); *Wirtz v. Local 30, Int'l Union of Operating Eng'rs*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963) (notice to depose agency secretary vacated).

See also *Virgo Corp.* v. *Paiewonsky*, 39 F.R.D. 9, 10-11 (D.V.I. 1966) (federal governor of Virgin Islands deposed because the subject matter of the litigation was within his sole discretion); *Union Sav. Bank v. Saxon*, 209 F. Supp. 319, 320 (D.D.C. 1962) (allowed oral deposition of head of federal agency as facts at issue were personal actions); cf. *Sneaker Circus, Inc.* v. *Carter*, 457 F. Supp. 771, 794 n. 33 (E.D.N.Y. 1978), *aff'd*, 614 F.2d 1290 (2d Cir. 1979) (cites *Wirtz* with approval; testimony of an ambassador precluded when plaintiff's questions were answered by documents and testimony of other witnesses).

[5] *California State Bd. of Pharmacy* v. *Superior Court*, 78 Cal. App. 3d 641, 644-45, 144 Cal. Rptr. 320, 322-23 (1978) (state attorney general should not be required to give a deposition absent compelling reasons); *Ellingson & Assoc., Inc.* v. *Keefe*, 396 N.W.2d 694, 696 (Minn. Ct. App. 1986) (inquiry of administrative executives should be written, not oral); *Hyland v. Smollok*, 137 N.J. Super. 456, 460, 349 A.2d 541, 543 (App. Div. 1975), *cert denied*, 71 N.J. 328, 364 A.2d 1060 (1976) (state attorney general should not be deposed absent first-hand knowledge or direct involvement in the facts giving rise to an action, or absent showing that such deposition is essential to prevent injustice); *State* v. *Beloit Concrete Stone Co.*, 103 Wis. 2d 506, 512-13, 309 N.W.2d 28, 31 (Ct. App. 1981) (head of state department of natural resources not compelled to testify in oral deposition unless *necessary* to prevent prejudice or injustice). Cf. *Davis* v. *United States*, 390 A.2d 976, 981 (D.C. 1978) (witness subpoenas quashed as to federal attorney general, state lottery director, and city police chief).

terest in limiting unnecessary demands on the time of highly-placed public officials. "[P]ublic policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases." *Community Fed. Sav. & Loan Ass'n* v. *Federal Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983). The trial court must balance the prejudice or injustice to the litigant seeking the deposition with the public interest that high public officials not be "hampered or distracted in the important duties cast upon [them] by law." *California State Bd, of Pharmacy* v. *Superior Court,* 78 Cal. App. 3d 641, 644, 144 Cal. Rptr. 320, 322 (1978).[6]

We recognize, as did the Wisconsin Court of Appeals in *State* v. *Beloit Concrete Stone Co.,* 103 Wis. 2d 506, 513, 309 N.W.2d 28, 31 (1981), that the trial court, lacking published precedent in this state, did not consider the relevant factors and made no finding whether plaintiff clearly showed that the Governor's deposition was necessary to prevent prejudice or injustice. Neither does the record reflect the trial court's exploration of alternative and less onerous discovery procedures, other than the Governor's professed willingness to answer written interrogatories. We hold that the superior court abused its discretion in denying the Governor's motion for protective order by failing to apply the standard heretofore enunciated: that the party requesting the deposition make a particularized showing of need for the deposition, i.e., that it is necessary to prevent prejudice or injustice to the party requesting it.

In applying this standard, trial courts should weigh the necessity to depose or examine an executive official against, among other factors, the substantiality of the case in which the deposition is requested; the degree to which the witness has first-hand knowledge or direct involvement; the probable length of the deposition and the effect on government business if the official must

---

[6] A related doctrine in cases involving judicial review of administrative agency action similarly precludes depositions of high agency officials except in limited circumstances. *Friends of the Shawanqunks, Inc.* v. *Watt,* 97 F.R.D. 663, 667 (N.D.N.Y. 1983) (bald assertions of bad faith insufficient to require high agency officials to submit to depositions); see also *Carpenters 46 County Conference Bd., United Bhd. of Carpenters & Joiners of Am., AFL-CIO* v. *Construction Indus. Stabilization Comm.,* 18 Fed. R. Serv. 2d (Callaghan) 1042, 1043 (N.D. Cal. 1974).

attend the deposition; and whether less onerous discovery procedures provide the information sought. See, e.g., *State* v. *Beloit Concrete Stone Co.,* 103 Wis. 2d at 513, 309 N.W.2d at 31. These alternatives could include written interrogatories, *Kyle Eng'g Co.* v. *Kleppe,* 600 F.2d 226, 231-32 (9th Cir. 1979); deposition upon written questions, *Ellingson & Assoc., Inc.* v. *Keefe,* 396 N.W.2d at 697; the designation of another representative to speak for the State on oral deposition, *Community Fed. Sav. & Loan Ass'n* v. *Federal Home Loan Bank Bd.,* 96 F.R.D. at 621; or seeking the information first from other sources, *Sneaker Circus, Inc.* v. *Carter,* 457 F. Supp. 771, 794 n.33 (E.D.N.Y. 1978), *aff'd,* 614 F.2d 1290 (2d Cir. 1979).

## III.

Because we hold that this case must be remanded for findings by the trial court as to whether the Governor should be protected from oral deposition under the doctrine discussed above, we will not reach the arguments raised by the parties as to the existence and extent of executive privilege.[7] Should the trial court determine that the Governor is not subject to deposition, then the issue of executive privilege is moot. Moreover, it is this Court's policy not to consider constitutional questions[8] where their decision is not necessary to a final determination. See, e.g., *Carpenter* v. *Central Vermont Ry.,* 93 Vt. 357, 370, 107 A. 569, 573 (1919).

Similarly, we do not address the Governor's argument that she may waive her claim to executive privilege as to the content of the communications, while maintaining her claim to executive privilege against testimonial compulsion.

*Petition for extraordinary relief granted, and matter remanded for further proceedings consistent with this opinion.*

---

[7] Neither the state nor the federal cases discussing the public policy protection from oral deposition accorded to high public officials assume that those officials would be protected by executive privilege. See, e.g., *State* v. *Beloit Concrete Stone Co.,* 103 Wis. 2d at 512, 309 N.W.2d at 30; *Wirtz* v. *Local 30, Int'l Union of Operating Eng'rs,* 34 F.R.D. at 14. In contrast, the executive privilege against testimonial compulsion claimed by the Governor is based instead on the constitutional principle of separation of powers.

[8] The claim of executive privilege, as briefed by the parties, is based in part on the separation of powers doctrine. Vt. Const. ch. II, § 5.