STATE OF VERMONT

ENVIRONMENTAL COURT

In re Appeals of:                     }
 John A.G. Madden and  Melissa Winborn    } Docket Nos. 227-11-99 Vtec,
                                }250-12-99 Vtec, and 15-1-00 Vtec
                                }
                                }

## Decision and Order on Motion to Amend

In Docket Nos. 53-4-99 Vtec and 54-4-99 Vtec, the Court ruled on the site plan for a residential subdivision proposed by John and Deborah Sherlock on the former Phelps Farm on Hunt Road in New Haven. This Court's decision in that matter was affirmed by the Vermont Supreme Court under Docket Number 99-449, and a motion for reargument was denied on March 28, 2000. Appellants have filed a complaint against the Vermont Supreme Court in the federal District Court regarding that case.

The three present appeals involved appeals of building permits issued for three of the lots in the subdivision. This Court issued its decision upholding those building permits on April 24, 2000. On May 3, 2000, Appellant John Madden moved to amend the decision. No responses were filed by any of the other parties.

In all three cases, Appellants John Madden and Melissa Winborn appeared and represented themselves; Appellee-Applicants John and Deborah Sherlock also appeared and represented themselves; and the Town of New Haven, represented by James Ouimette, Esq., entered an appearance but did not participate in the evidentiary hearing. Appellee-Applicants Richard and Tori Lathrop appeared and represented themselves in Docket No. 227-11-99 Vtec.

Finality of the Underlying Subdivision Appeal

Appellant Madden argues that the underlying subdivision approvals had been on appeal to the Vermont Supreme Court at the time of the building permit issuance, and that

1

by filing his complaint against the Vermont Supreme Court in federal court, the Vermont Supreme Court's action upholding the subdivision approval cannot be considered to be final.

However, Appellants' federal court action against the Vermont Supreme Court is not a continuation of the appeal of the subdivision permit. Rather, it is at most a collateral attack on the decision in that appeal. That is, the Supreme Court's decision on the subdivision appeal is final; it is being challenged for reasons collateral to the merits of the subdivision permit. If the result of the federal case is to vacate the Vermont Supreme Court's ruling on the motion for disqualification, and to send the matter back for a hearing before a differently-constituted Vermont Supreme Court, such a ruling by the federal court could also provide the basis to file a V.R.C.P. 60(b) motion to reopen the decision in the present cases. Until and unless that should occur, however, the subdivision appeal decision by the Vermont Supreme Court is considered final.

Constitutionality of a Filing Fee in Any Amount

Appellant also seeks amendment or reconsideration of this Court's decision on the validity of the $300 filing fee for appeals to the Zoning Board of Adjustment. Appellant argues that a filing fee in any amount is unconstitutional, under Chapter I, Article 4[1] of the Vermont Constitution and under the federal constitution. In the April 24, 2000 order, this Court ruled in Appellants' favor on the filing fee, but not on the basis of the fee's unconstitutionality. The Court did not reach the question of the fee's constitutionality, or even whether the fee was reasonable under 24 V.S.A. §4462(a), because the Court concluded that the filing fee did not comply with §322 of the Zoning Regulations (which requires the Selectboard to establish all fees to be charged "with respect to the administration of these regulations, with the intention of covering the costs of administering

---

[1]Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; comformably to the laws.

2

the same.")

The filing fee was overturned because it failed to comply with its enabling ordinance. The Court declined to go on to reach the constitutional issue following the principle that a court should not reach a constitutional question if the matter may be decided on other grounds. <u>Monti v. State</u>, 151 Vt. 609, 614 (1989); and see <u>State v. Read</u>, 165 Vt. 141, 146 (1996).

Accordingly, Appellant's Motion to Amend the April 24, 2000 Decision and Order is DENIED.

Dated at Barre, Vermont, this 23rd day of May, 2000.

_____
Merideth Wright
Environmental Judge

3