**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**GREGORY LIBURD, Defendant**

Criminal No. F9/1997

Superior Court of the Virgin Islands

Division of St. Croix

August 30, 2005

RICHARD SCHRADER, JR., ESQ., Assistant Attorney General, Department of Justice, Christiansted, St. Croix VI, *Attorney for Plaintiff.*

HAROLD W. L. WILLOCKS, ESQ., Chief Public Defender, Kingshill, St. Croix VI, *Attorney for Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(August 30, 2005)

THIS MATTER came before the Court on the Motion to Modify Show Cause Order by Plaintiff, Government of the Virgin Islands (the "Government"). For the following reasons, the Court hereby denies the Government's motion.

## Factual and Procedural Background

Defendant, Gregory Liburd ("Defendant"), was charged with One Count of Murder in the First Degree and found competent to stand trial. At the conclusion of the bench trial in this matter, the Defendant was found not guilty by reason of insanity. Pursuant to V.I. CODE ANN. tit. 5 § 3637(a) the Defendant was then committed to the care, custody and control of the Commissioner of Health for placement in a "suitable public institution" until such time as the Defendant regained his capacity for judgment, discretion, and control so that he may conduct his day to day affairs and social relations. The Defendant was placed in the mental health ward located at the Governor Roy L. Schneider Hospital until that facility closed and the Defendant was retransferred to the Bureau of Corrections and placed in the Golden Grove Correctional Facility.

In 2000, this Court conducted a subsequent hearing and the Defendant was determined to be probably able to manage his affairs and personal relations, so long as he took his prescribed medication. Consequently, the Defendant was provisionally released to the custody of his mother. Thereafter, the Defendant stopped taking his medication and became unable to manage his affairs. As a result, on March 31, 2001 he was returned to the Golden Grove Correctional Facility. This Court conducted additional hearings on November 30, 2001 and November 25, 2002 in order to determine the Defendant's mental capacity. At those hearings it was determined that Mr. Liburd still could not manage his affairs and personal relations; therefore, he was remanded back to the Bureau of Corrections for appropriate placement in accord with the law.

Virgin Islands law, 5 V.I.C. § 3637(a), now provides that a defendant found not guilty by reason of insanity shall be committed to a certified forensic unit. If no such facility exists in the Territory, the law further provides that the defendant shall remain in the custody of the Bureau of Corrections to be treated by the appropriate physicians until the necessary arrangements are made to transfer the defendant to a certified forensic unit outside of the Territory. As of August 17, 2005, Mr. Liburd had not been placed, nor had any arrangements been made to place him in a "certified forensic unit" that would comply with the mandates of the law and this Court's previous Orders. As a result, on August 17, 2005, this Court issued a Show Cause Order ordering Acting Attorney General, Kerry E. Drue, Esq., along with Director of the Bureau of Corrections,

Joseph Ponteen, Esq., to show cause why they should not be held in contempt of court for failing to place or make appropriate arrangement for placement of the Defendant in a certified forensic unit. In response, the Government filed an Emergency Motion to Modify Show Cause Order asserting that under the doctrine of official immunity courts should refrain from issuing orders that compel or direct cabinet level members and other high-ranking officials to personally testify in litigation proceedings.

## Analysis

In December of 2000, the 23rd Legislature passed Bill No. 23-0306, that specifically dealt with the issue before this Court, to wit mentally ill defendants. In the Bill the Legislature struck the words "suitable public institution" and replaced those words with "certified forensic unit." Parenthetically, before this Bill was signed into law, the Governor struck the provision charging the Commissioner of Health with making arrangements for the transfer of defendants to a certified forensic unit outside of the Territory. Therefore, that responsibility rests with the Bureau of Corrections. 5 V.I.C. 3637(a) now reads as follows:

> If the defense is the mental illness of the defendant, the jury shall be instructed, if they find him not guilty on that ground, to state that fact in their verdict and the court shall thereupon commit the defendant to a certified forensic unit for custody, care and treatment from which he shall not be discharged until the court is satisfied that he has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations. If no certified forensic unit exists in the Territory, the defendant shall remain in the custody of the Bureau of Corrections to be treated by the appropriate physicians until the necessary arrangements to transfer the defendant to a certified forensic unit outside of the Territory.

Applied to the case at hand, 5 V.I.C. 3637(a) requires that the Bureau of Corrections provide the Defendant with treatment by appropriate physicians and make arrangements to transfer the Defendant to a certified forensic unit outside of the Territory since there is currently no such facility in the Territory. The Bureau of Corrections has failed to comply with the law. As such, this Court has ordered that the Acting

174

Attorney General and the Director of the Bureau of Corrections appear before this Court to show cause why they should not be held in contempt of court for their failure to comply with the law and the Orders of this Court.

This Court is familiar with what the Government refers to as "the doctrine of official immunity." The assertions of the Government, however, ignore the fact that the Acting Attorney General has not been ordered to appear as a witness. The Acting Attorney General is a party to this action brought in the Superior Court of the Virgin Islands pursuant to Virgin Islands law. The Acting Attorney General has not been called to testify regarding policy-making decisions, deliberations, or discretionary acts. She has been called to account for her failure, as chief executive of the Department of Justice, to comply with the law of the Virgin Islands and the orders of this Court in accordance with the law. *See U.S. v. Gov't of the V.I.*, 2001 U.S. Dist. LEXIS 22411 (2001) (the Governor of the Virgin Islands was denied executive privilege when compelled to appear before the court to account for his failure to comply with the orders of the court).

The cases cited as precedent by the Government deal only with the issue of testimonial compulsion of high-ranking government officials.[1]

---

[1]    *See, e.g., U.S. v. Morgan*, 313 U.S. 409, 85 L. Ed. 1429, 61 S. Ct. 999 (1941) (the U.S. Secretary of Agriculture should not have been subjected to examination whereby he was questioned at length regarding the process by which he reached the conclusions of his order); *E.E.O.C. v. Exxon Corp.*, 1998 U.S. Dist. LEXIS 1143 (N.D. Tex. 1998) (exceptional circumstances must exist before involuntary depositions of high agency official are permitted; top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions); *Monti v. State*, 151 Vt. 609, 563 A.2d 629 (1989) (highly-placed executive branch governmental official should not be called upon personally to give testimony by deposition, at least unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party requesting it); *Ellington & Assoc., Inc. v. Keefe*, 396 N.W.2d 694 (Minn. Ct. App. 1986) (discovery may be had from administrative executive only upon written query and not by oral deposition); *Halderman v. Pennhurst State School and Hosp.*, 559 F. Supp. 153, 96 F.R.D. 60 (E.D. Pa. 1982) (department heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer); *N.J. Turnpike Authority v. Sisselman*, 106 N.J. Super. 358, 255 A.2d 810 (App. Div. 1969) (head or heads of administrative agency may not be examined to probe mental processes surrounding his or their promulgation of a regulation); *Wirtz v. Local 30, Int'l Union of Operating Engineers*, 34 F.R.D. 13 (S.D.N.Y. 1963) (member of cabinet and administrative head of large executive

Said cases are unavailing, as none of them address the power of the court to call an executive to testify in a contempt hearing for failure to comply with a court's order in accordance with the law. The most comparable case cited by the Government, *U.S. v. Koubriti*, 305 F. Supp. 2d 723 (E.D. Mich. 2003), is clearly distinguishable on the facts. In *Koubriti,* the court found that the testimony of the Attorney General was not necessary under circumstances where there was no showing of willfulness on the part of the Attorney General to violate the court order, and the Attorney General personally submitted a letter to the court explaining and apologizing for his inadvertent statements to the press which were violation of the order. In the instant matter, there has been no showing that the violation of this Court's Orders regarding the Defendant's treatment and placement is unintentional, which is evidenced by the continuous nature of the violation. Additionally, the Acting Attorney General has offered no explanation for the continuing violation.

This Court also notes that none of the cases cited by the Government are binding authority on this Court since none of the cases cited emanated from this jurisdiction or this judicial Circuit. Moreover, the instant matter presents an exceptional and extraordinary circumstance in which this Court must determine whether the constitutional rights of the Defendant are being intentionally violated by illegal imprisonment under the color of law. As such, this Court has applied very sensitive judicial scrutiny in this matter and determined that the presence of the Acting Attorney General is necessary.

## Conclusion

This Court has not compelled the Acting Attorney General to appear in this matter for testimonial purposes. The Acting Attorney General has been called to account for her failure, as chief executive of the Department of Justice, to comply with the law of the Virgin Islands and the orders of this Court in accordance with the law. This Court is enforcing its right to hold persons who are subject to its jurisdiction

department should not be called upon personally to give testimony by deposition unless clear showing is made that such is essential to prevent prejudice or injustice to party who would require it); *Davis v. U.S.,* 390 A.2d 976 (D.C. 1978) (administrative heads or members of Cabinet should not be called to testify personally unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the part who would require it).

accountable to validly issued court orders. Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

ORDERED that the Emergency Motion to Modify Show Cause Order by Plaintiff, Government of the Virgin Islands, is DENIED.