PER CURIAM.
¶1 Jeremy Allen Black appeals a circuit court order that granted a protective order to Della Mae Black in this family law case. The order prevented Jeremy from obtaining discovery of Della's past employment and income information.[1] Jeremy also appeals the court's order denying reconsideration and imposing attorney fees against Jeremy. Jeremy contends that the circuit court granted the protective order based on its misinterpretation of the judgment of divorce. We agree with Jeremy that the court granted the protective order based on a misinterpretation of the judgment of divorce. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
¶2 In January 2010, Jeremy petitioned for divorce from Della. The circuit court held a divorce hearing on November 30, 2010. The parties stipulated to most of the terms of their divorce at the hearing. The guardian ad litem for the parties' minor children submitted a typed letter with handwritten edits stating the terms for child placement, custody, and support, and the letter was marked as exhibit 3. Jeremy's counsel informed the court that the guardian ad litem would type the final version of the agreement as to child custody, placement, and support and email it to counsel to be attached to the judgment of divorce.[2]
¶3 On January 21, 2011, the circuit court entered a judgment of divorce dissolving the parties' marriage. The judgment of divorce states that it approves and incorporates the attached e-mail from the guardian ad litem. The attached email, dated December 3, 2010, provided that primary placement of the parties' children is with Jeremy and that Della shall pay child support to Jeremy. It requires Della to pay child support to Jeremy in an amount of $ 84.10 per week, determined by 29% of Della's imputed income of forty hours per week at minimum wage. It states that Della shall inform Jeremy if she obtains employment with income above minimum wage.
¶4 On November 9, 2016, Della moved the family court to revise the judgment of divorce. On February 28, 2017, Jeremy served interrogatories on Della, seeking Della's employment and income information, including tax returns, since November 30, 2010. Della moved for a protective order, arguing that her past employment and income information was not relevant because, Della argued, the judgment of divorce did not require Della to inform Jeremy of any change in her income. Della also moved for the attorney fees she incurred seeking the protecting order.
¶5 A court commissioner entered an order on April 17, 2017, awarding equal physical placement of the parties' children, terminating Della's obligation to pay child support to Jeremy, and requiring Jeremy to pay child support to Della according to child support guidelines. The court commissioner also issued the protective order to prevent Jeremy from obtaining Della's past income information, and ordered Jeremy to pay Della $ 420 in attorney fees.
¶6 Jeremy sought a hearing de novo in the circuit court on the issues of the protective order and attorney fees. The circuit court granted the protective order, finding that the judgment of divorce did not require Della to inform Jeremy as to any increase in her income.[3] Specifically, the court found that the email from the guardian ad litem was added to the judgment of divorce after the divorce hearing, that it was not approved by counsel, and that it was not approved or signed by the court or incorporated into the judgment of divorce. The court also stated that WIS. STAT. § 767.59(1m) prohibited Jeremy from seeking a retroactive change to child support. Jeremy moved for reconsideration. The court denied reconsideration and also ordered Jeremy to pay Della $ 420 in attorney fees as ordered by the court commissioner.[4] Jeremy appeals.
¶7 Circuit courts have broad discretion to limit discovery through a protective order. State v. Beloit Concrete Stone Co. , 103 Wis. 2d 506, 511, 309 N.W.2d 28 (Ct. App. 1981). A circuit court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." WIS. STAT. § 804.01(3). We review the circuit court's decision to issue a protective order to determine whether the court erroneously exercised its discretion. Beloit Concrete , 103 Wis. 2d at 511. A circuit court properly exercises its discretion if it examines the relevant facts, applies the proper standard of law and, using a rationale process, reaches a conclusion that a reasonable judge could reach. See State v. Lopez , 2014 WI 11, ¶60, 353 Wis. 2d 1, 843 N.W.2d 390. Here, the question of whether the circuit court properly exercised its discretion by issuing the protective order turns on an interpretation of the divorce judgment, which is a question of law that we review de novo. See Monicken v. Monicken , 226 Wis. 2d 119, 126, 593 N.W.2d 509 (Ct. App. 1999).
¶8 Jeremy contends that the circuit court erred by issuing the protective order based on the court's misinterpretation of the judgment of divorce. Jeremy contends that the judgment of divorce incorporates the language of the guardian ad litem's email, pointing out that the judgment of divorce states that the court approves of the email and incorporates it into the judgment. Jeremy argues that, therefore, the judgment of divorce required Della to pay child support in an amount based on 29% of her income, and to update Jeremy if her income increased beyond minimum wage. Jeremy does not argue in any cogent manner, that he may be entitled to retroactive child support. Rather he appears to be seeking to discover whether Della complied with the child support order. He contends that the court erred by granting the protective order and by ordering him to pay Della's attorney fees for seeking the order.
¶9 Della responds that the guardian ad litem's December 3, 2010 email was not part of the stipulation made on the record at the final divorce hearing on November 30, 3010. She argues that the email was not reviewed or approved by the circuit court. Della also contends that the judgment of divorce ordered her to pay child support in a set amount, not as a percentage, and that WIS. STAT. § 767.59(1m) prohibits retroactive child support orders except to correct errors in calculations. Thus, Della contends, Della's past income was not relevant to any pending matter and the court properly granted the protective order and attorney fees to Della.
¶10 We conclude that the plain language of the judgment of divorce issued by the circuit court on January 21, 2011, approved and incorporated the attached guardian ad litem's email from December 3, 2010. We are not persuaded that it is relevant that the email was written after the November 30, 2010 divorce hearing. The email, which was expressly approved by the circuit court and made part of the divorce judgment on January 21, 2011, required Della to pay child support to Jeremy in an amount of $ 84.10 per week, based on 29% of Della's imputed income, and required Della to inform Jeremy if she obtained employment with income above minimum wage. Because the court relied on an error of law in deciding that a protective order was warranted, it erroneously exercised its discretion by issuing the protective order.
¶11 Because we conclude that the circuit court erred by issuing the protective order based on its erroneous interpretation of the divorce judgment, we reverse the protective order and the order denying reconsideration and for attorney fees on that basis. We remand to the circuit court for further proceedings consistent with this opinion's holding that the guardian ad litem's email was incorporated into the judgment of divorce, requiring Della to pay child support in an amount based on 29% of her imputed income and to inform Jeremy if she obtained income above minimum wage. As noted, Jeremy does not develop any argument that the circuit court erred by finding that WIS. STAT. § 767.59(1m) prohibits a retroactive change to child support in this case. The question of what relief Jeremy may ultimately seek based on the results of discovery is not before us in this appeal.
By the Court .-Orders reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Because the parties share a surname, we refer to them by their first names for clarity.

Jeremy was represented by counsel at the divorce hearing, and Della appeared pro se.

The circuit court also found that the judgment of divorce lacks the language required by Wis. Stat. § 767.54 (2015-16) for the parties to annually exchange financial information. Jeremy disputes the circuit court's finding that the judgment of divorce lacks the required language, contending that the judgment and the email attachment incorporated in the judgment meet the statutory requirements under § 767.54 and Wis. Stat. § 767.58(1)(b) (an order for child support shall include language for the payer of child support to update the payee in the event of a change in employer or a substantial change in income). Della responds that the judgment of divorce lacks the language required under §§ 767.54 and 767.58(1)(b). However, Della does not argue that the divorce judgment is void or unenforceable because it lacks mandatory language. We perceive the limited and dispositive issue in this appeal as whether the terms of the judgment of divorce supported the circuit court decision to issue the protective order.
All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Jeremy argued on reconsideration that, if the judgment of divorce did not incorporate the email attachment, it approved and incorporated the guardian ad litem's letter, marked as exhibit 3 at the divorce hearing, which also stated Della would pay child support based on 29% of her income.