FITZPATRICK v SECRETARY OF STATE

Docket No. 106688. Submitted February 7, 1989, at Lansing. Decided April 18, 1989. Leave to appeal applied for.

Dean Fitzpatrick brought an action in Oakland Circuit Court against the Secretary of State, Richard H. Austin, after the Department of State refused to accept a petition signed by voters in favor of placing a proposal for a part-time Legislature on the general election ballot. Plaintiff served defendant with notice of his intent to depose defendant prior to trial. Defendant filed a motion for a protective order to restrain plaintiff from taking his deposition. The trial court, Alice L. Gilbert, J., denied the motion. Defendant appealed by leave granted.

The Court of Appeals *held:*

Department heads and other high-ranking officials should not be compelled to personally give testimony by deposition unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it, or absent other compelling reasons. In determining whether a department head should be compelled to testify, a court must look at whether the information sought to be elicited can be obtained from a lesser ranking official, or whether it can be obtained by using another discovery mechanism. Under the circumstances of this case, defendant should not be required to personally give testimony in an oral deposition and the trial court therefore erred in denying defendant's motion for a protective order.

Reversed.

PRETRIAL PROCEDURE — DEPOSITIONS — PUBLIC OFFICERS AND EMPLOYEES.

Department heads and other high-ranking officials should not be compelled to personally give testimony by deposition unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it, or absent other compelling reasons; in determining whether a department head should be compelled to testify, a court must

REFERENCES

Am Jur 2d, Depositions and Discovery § 134.

look at whether the information sought to be elicited can be obtained from a lesser ranking official, or whether it can be obtained by using another discovery mechanism.

*David H. Raaflaub,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary P. Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for defendant.

Before: GILLIS, P.J., and SULLIVAN and GRIFFIN, JJ.

PER CURIAM. Defendant appeals by leave granted from an Oakland Circuit Court order denying his motion for a protective order which was brought to prevent the taking of his deposition. We reverse.

Plaintiff Dean Fitzpatrick filed a complaint against defendant Secretary of State Richard Austin requesting the court to require the Secretary of State to accept and process initiative petitions calling for a part-time Legislature and to place the proposal on the election ballot. Plaintiff further sought both an order requiring the Secretary of State to pay over to plaintiff the Secretary of State's $25,000 statutory performance bond and a declaratory judgment regarding the constitutionality of the statutory requirement that signatures on a petition be obtained within ninety days of filing that petition, MCL 168.961; MSA 6.1961.

Thereafter, plaintiff noticed the deposition of defendant Secretary of State for November 19, 1987. On the day before the noticed deposition, defendant filed a motion for a protective order under MCR 2.302(C)(1) to restrain plaintiff from taking his deposition. The trial court denied defendant's motion. This Court subsequently granted leave to appeal that ruling.

Under Michigan case law, discovery rules are to be liberally construed. *Maerz v United States Steel Corp,* 116 Mich App 710, 722; 323 NW2d 524 (1982). Generally, parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. MCR 2.302(B)(1). However, a trial court can order that discovery not be had. MCR 2.302(C)(1) provides, in relevant part, that on motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including entry of an order that the discovery not be had.

Although never before directly addressed by courts in this state, many courts have held that heads of government agencies are not normally subject to oral depositions. See, e.g., *Kyle Engineering Co v Kleppe,* 600 F2d 226, 231 (CA 9, 1979); *Union Savings Bank of Patchogue, New York v Saxon,* 209 F Supp 319 (D DC, 1962); *Halderman v Pennhurst State School & Hospital,* 96 FRD 60, 64 (ED Pa, 1982). The court in *Union Savings Bank, supra,* explained the reasoning which supports the general rule: the time and exigencies of an agency head's everyday business would be severely impeded if every plaintiff filing a complaint against an agency head, in his official capacity, was allowed to take his oral deposition. Such a procedure is against the public interest. In addition, ordinarily an agency head has little or no knowledge of facts in a case. *Id.,* pp 319-320. See also *California State Bd of Pharmacy v Superior Court of the City & County of San Francisco,* 78 Cal App 3d 641; 144 Cal Rptr 320 (1978). Department heads and other similarly high-ranking offi-

cials should not be compelled to personally give testimony by deposition unless a clear showing is made that such a proceeding is essential to prevent prejudice or injustice to the party who would require it, *California State Bd of Pharmacy, supra; Wirtz v Local 30, Internat'l Union of Operating Engineers,* 34 FRD 13, 14 (SD NY, 1963); *State v Beloit Concrete Stone Co,* 103 Wis 2d 506; 309 NW2d 28 (1981), or absent other compelling reasons, *California State Bd of Pharmacy, supra; Deukmejian v Superior Court of Marin Co,* 143 Cal App 3d 632, 633; 191 Cal Rptr 905 (1983). In determining whether a department head should be compelled to testify, a court must look at whether the information sought to be elicited can be obtained from a lesser ranking official, *Writz, supra,* p 14; *Halperin v Kissinger,* 196 US App DC 285, 302-303, n 120; 606 F2d 1192 (1979), aff'd memorandum 452 US 713; 101 S Ct 3132; 69 L Ed 2d 367 (1981); *Halderman, supra,* p 64, or whether it can be obtained by using another discovery mechanism, *Sykes v Brown,* 90 FRD 77, 78 (ED Pa, 1981); *Kyle, supra,* p 231; *Capitol Vending Co v Baker,* 36 FRD 45, 46 (D DC, 1964); *United States v Northside Realty Associates, Inc,* 324 F Supp 287, 295 (ND Ga, 1971).

The Secretary of State in the State of Michigan is a constitutional office. Const 1963, art 5, § 21. The Secretary of State is the head of the Department of State, MCL 16.126; MSA 3.29(26), and is the chief election officer of the state, MCL 168.21; MSA 6.1021. Therefore, there is no doubt that defendant Secretary of State is the head of a department and a high-ranking official. We cannot discern any injustice or prejudice which would result to plaintiff if the Secretary of State was not compelled to testify in this case. Nor can we discern any compelling reasons which would sup-

port our requiring him to testify. Attached to the Secretary of State's motion for a protective order is an affidavit in which he alleges that he has no personal knowledge of the efforts of plaintiff and plaintiff's supporters to file with the Department of State initiative petitions proposing a part-time Legislature because such matters are the responsibility of the Director of Elections. Nor, he alleged, does he have personal knowledge of plaintiff's allegation that MCL 168.961; MSA 6.1961 is unconstitutional in that it places an unreasonable limitation on the right of recall. Moreover, the lesser officials in the Department of State presumably can supply plaintiff with the information he seeks. Finally, other discovery mechanisms, such as written interrogatories, are available. Under the circumstances of this case, we conclude that defendant Secretary of State should not be required to personally give testimony in an oral deposition and, hence, we reverse the trial court's order denying defendant's motion for a protective order.

Reversed.