HAMED v WAYNE COUNTY

Docket No. 256806. Submitted February 7, 2006, at Detroit. Decided May 16, 2006, at 9:00 a.m.

Tara K. Hamed brought an action in the Wayne Circuit Court against Wayne County and others, alleging that she was sexually assaulted by a Wayne County sheriff's deputy while she was in the Wayne County Jail. After the plaintiff noticed discovery depositions for Wayne County Sheriff Warren Evans and his predecessor, Robert Ficano, now the Wayne County Executive, the defendants moved to quash the notice because Evans had not been the sheriff at the time of the alleged assault and Ficano did not have personal knowledge of the incident and because the plaintiff would not be unduly prejudiced if the depositions were not conducted, but that requiring them would impose an undue burden on the high-ranking officials. The court, Louis F. Simmons, Jr., J., denied the defendants' motion to quash. The county, the sheriff, and the sheriff's department appealed by leave granted.

The Court of Appeals *held*:

The circuit court erred in denying the defendants' motion to quash the plaintiff's deposition notices. MCR 2.302(C) provides for protection from unduly burdensome discovery requests. Unless or until the plaintiff makes a preliminary showing that the requested depositions are necessary to prevent prejudice or injustice, the officials may not be compelled to provide deposition testimony. The plaintiff failed to establish that either of the high-ranking officials possessed relevant information that could not be obtained through other discovery sources or mechanisms, such as by deposing lower-ranking officials or by submitting interrogatories.

Reversed and remanded for further proceedings.

PRETRIAL PROCEDURE — DISCOVERY — DEPOSITIONS — PUBLIC OFFICIALS.

A high-ranking public official may not be compelled to provide deposition testimony unless or until a preliminary showing is made that the deposition is necessary to obtain relevant information that cannot be obtained from any other discovery source or mechanism, i.e., that such a deposition is essential to prevent prejudice or injustice (MCR 2.302[C]).

·

*Elmer L. Roller* and *Offices of Brian Lavan & Associates, P.C.* (by *Brian Lavan*), for Tara K. Hamed.

*Azzam E. Elder*, Corporation Counsel, *Samuel A. Nouhan*, Principal Attorney for Litigation, and *Ellen E. Mason*, Assistant Corporation Counsel, for Wayne County, the Wayne County Sheriff, and the Wayne County Sheriff's Department.

Before: MURRAY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order denying their motion to quash the depositions of Wayne County Executive Robert Ficano and Wayne County Sheriff Warren Evans. We reverse.

In August of 2003, plaintiff filed her complaint alleging that Wayne County Sheriff's Deputy Reginald Johnson sexually assaulted her while she was in the Wayne County Jail. Plaintiff's claims included that Wayne County and the Wayne County Sheriff's Department failed to implement or enforce proper training, disciplinary, investigatory, and operational policies, rules, or procedures designed to prevent sexual assaults against female inmates. At some point during the litigation, plaintiff noticed the discovery depositions of Wayne County Sheriff Warren Evans and his predecessor, Robert Ficano. Defendants moved to quash the notice of those depositions, arguing that the testimony of Evans and Ficano would be irrelevant because Evans was not the sheriff at the time of the sexual assault and Ficano did not have personal knowledge of the incident. Defendants attached Ficano's affidavit to their motion, which affidavit indicated that (1) the director of jails was primarily responsible for formulating the daily policies for the jail and (2) Ficano did not have any personal knowledge of the sexual assault at issue.

In response to defendants' motion to quash, plaintiff argued that Ficano was the sheriff when Johnson was disciplined 14 previous times and that defendants refused to produce details of the disciplinary charges that were directly reviewable by and appealable to the sheriff. Plaintiff also argued that a departmental communication authored shortly after the incident by a commander was directed solely to Ficano and it described in detail a sexual assault by Johnson.[1] Plaintiff claimed that Ficano then issued several directives designed to prevent further sexual assaults, including (1) that surveillance equipment be installed or repaired, (2) that male deputies not be isolated with female inmates during the booking process, and (3) that all deputies report sexually harassing behaviors. Plaintiff further indicated that Ficano was directly notified by other sheriff's departments of Wayne County's sexual harassment and other mistreatment of inmates. With regard to the deposition of Evans, plaintiff argued that he knew of sexual improprieties committed by male jail employees that occurred after the assault on plaintiff, which further supported plaintiff's claim that the Wayne County Sheriff's Department knew of the pattern and practice of sexual harassment of female inmates. Plaintiff also claimed that Evans knew of or directed that several changes be made to policies and procedures related to inmates and that such information was relevant to this case.

Defendants replied to plaintiff's response to their motion to quash, arguing that the commander who authored the departmental communication did not send it to Ficano—it was only standard practice that it be

---

[1] The communication was attached to plaintiff's response to the motion to quash.

addressed to the sheriff.[2] Defendants further argued that plaintiff would not be unduly prejudiced if the depositions were not conducted, but that requiring them would impose an undue burden on these high-ranking officials. Following oral arguments on the motion to quash, the trial court stated that it was "satisfied that Wayne County's motion to quash the deposition[s] should be denied." Defendants filed an application for leave to appeal in this Court, which application was granted.

Defendants argue that their motion to quash the contested depositions should have been granted because plaintiff did not make the required showing that the depositions of these high-ranking government officials are essential to prevent prejudice or injustice. After review for an abuse of discretion of this decision regarding discovery, we agree.[3] See *Baker v Oakwood Hosp Corp*, 239 Mich App 461, 478; 608 NW2d 823 (2000).

Michigan has long espoused a liberal discovery policy that permits the discovery of any matter, not privileged, that is relevant to the subject matter involved in the pending case. MCR 2.302(B)(1); *Reed Dairy Farm v Consumers Power Co*, 227 Mich App 614, 616; 576 NW2d 709 (1998). The purpose of discovery is to simplify and clarify the contested issues, which is necessarily accomplished by the open discovery of all relevant facts and circumstances related to the controversy. See *id.*, citing *Domako v Rowe*, 438 Mich 347, 360; 475

---

[2] The commander's affidavit was attached to defendants' reply to plaintiff's response to the motion to quash.

[3] Because the trial court did not provide its reason for denying defendants' motion to quash, it is difficult to discern that "discretion" was exercised. Nonetheless, we must conclude on the record provided that the decision must be reversed.

NW2d 30 (1991). However, the court rules also ensure that discovery requests are fair and legitimate by providing that discovery may be circumscribed to prevent excessive, abusive, irrelevant, or unduly burdensome requests. MCR 2.302(C); *Cabrera v Ekema*, 265 Mich App 402, 407; 695 NW2d 78 (2005); *In re Hammond Estate*, 215 Mich App 379, 386; 547 NW2d 36 (1996).

In *Fitzpatrick v Secretary of State*, 176 Mich App 615, 617-619; 440 NW2d 45 (1989), this Court addressed the issue whether a high-ranking public official could be compelled to give a deposition in a matter in which he did not have personal knowledge. As a matter of first impression, this Court relied on MCR 2.302(C) and noted the considerations of courts in other jurisdictions faced with this issue, including that (1) permitting such depositions would interfere with official duties and thus was against the public interest, (2) generally such officials have little or no knowledge of the relevant facts, thus depositions should not be compelled absent a showing of necessity, including to prevent prejudice or injustice, and (3) other discovery resources and mechanisms should be considered, such as deposing a lesser-ranking official or submitting written interrogatories. *Fitzpatrick, supra* at 617-618. In accordance with these considerations, this Court held that the Secretary of State could not be compelled to testify because the deposition was not necessary to prevent prejudice or injustice, he had no personal knowledge of the disputed issues, and other discovery resources and mechanisms were available to the plaintiff. *Id.* at 618-619.

Until now, we have not had occasion to revisit the *Fitzpatrick* holding; however, upon doing so, we agree with and adopt its holding, albeit with clarification. High-ranking public officials may not be compelled to provide deposition testimony unless or until a prelimi-

nary showing is made that the deposition is necessary to obtain relevant information that cannot be obtained from any other discovery source or mechanism, i.e., that such a deposition is essential to prevent prejudice or injustice. The purpose of this heightened scrutiny is to strictly limit the intrusions that would burden the public official's efforts to advance the effective and efficient operation of the public agency.

Here, defendants argue that plaintiff failed to establish that either of the high-ranking officials possessed relevant information that could not be obtained through other discovery sources or mechanisms, such as by deposing lower-ranking officials or by the submission of written interrogatories. In rebuttal, plaintiff appears to argue that defendants' failure to comply with numerous discovery requests have, in part, led to her seeking these depositions. Plaintiff also alleges that Ficano would have knowledge of the incident, knowledge regarding the policies that he purportedly instituted related to preventing further assaults on female inmates, and knowledge of Johnson's disciplinary history. Further, plaintiff claims, Evans would have knowledge that the conditions that led to plaintiff's sexual assault persist, resulting in other assaultive conduct.

To the extent that plaintiff is arguing that the depositions of Ficano and Evans should be permitted as a "discovery sanction," we reject that position. There are appropriate sanctions for the refusal to provide or permit discovery and for failing to comply with the trial court's orders. See MCR 2.313. Although it appears that plaintiff may have a legitimate complaint with regard to defendants' failure to properly or completely respond to her discovery requests, she must seek a remedy through the appropriate process. With regard to plaintiff's claims that Ficano and Evans are the only persons with

certain relevant information and that their depositions are necessary to prevent prejudice or injustice, we disagree. Plaintiff has failed to establish that the information sought from the potential deponents cannot be obtained from any other discovery source or mechanism. For example, plaintiff has failed to show that lower-ranking officials have been deposed, including the Wayne County director of jails, or that written interrogatories have been submitted to Ficano or Evans. Unless or until plaintiff makes a preliminary showing that the requested depositions are necessary to prevent prejudice or injustice, these officials may not be compelled to provide deposition testimony.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.