Markman, J.
(dissenting). I dissent. This case involves a trial court’s sweeping, over-broad, and inherently unfair order, which forces defendant to produce over 10 years of personal notes detailing his most intimate and private thoughts concerning religion, politics, people with whom he has met and with whom he associates, his family, his creative ideas, and his business dealings, regardless of whether these notes are discoverable or responsive to plaintiffs’ document request,[1] Because I believe that such a disregard for both the court rules of this state and defendant’s privacy raises serious questions about whether the trial court abused its discretion, I would remand this matter to the Court of Appeals for further consideration.
Under MCR 2.302(B)(1), parties may obtain discovery regarding any “relevant” information that “appears reasonably calculated to lead to discovery of admissible evidence.” “[We review] a trial court’s decision regarding discovery for an abuse of discretion.” Muci v State Farm Mut Automobile Ins Co, 478 Mich 178, 200 (2007). Significantly, a trial court must “ensure that discovery requests are fair and legitimate by providing that discovery may be circumscribed to prevent excessive, abusive, irrelevant, or unduly burdensome requests.” Hamed v Wayne Co, 271 Mich App 106, 110 (2006), citing MCR 2.302(C).
Defendant is apparently a prolific notetaker and, over the past decade, has kept notes on three separate mediums — orange paper, green notebooks, and yellow legal pads. The genesis of the current dispute lies in plaintiffs’ requests for production (Request 16), which sought “Mon-aghan’s daily reminders, his daily notes to himself,” to which defendant objected that plaintiffs’ request was “over-broad.” During a May 21, 2008, hearing on this matter, defense counsel sought clarification from *1079 the trial court concerning whether the request only “applies to the orange and the [green] notebook items, if it says law school.” The court stated, “Right,” “that’s what they asked, aren’t those called the reminder notes, the orange ones?” Thus, the court’s ruling specifically limited plaintiffs’ Request 16 to defendant’s orange notes, which limitation was then memorialized in an August 27, 2008, order that stated “defendant Monaghan shall produce documents responsive to Request 16, which may be limited to documents regarding Ave Maria School of Law, its faculty/staff, named parties to this matter, and/or the move to Florida.”
Defendant complied with the court’s order by making the orange notes available to plaintiffs’ counsel, and voluntarily producing relevant portions of the green spiral notebooks. However, plaintiffs’ counsel then filed a motion to compel production of all notes, claiming that defendant had violated the trial court’s August 27, 2008, order by only producing the orange notes since “[t]he court d[id]n’t say anything about [green] spiral versus orange versus yellow or white. [Defendant] just decided that.” Despite the fact that the court had specifically instructed defendant that he was only required to produce the orange notes, the court agreed with plaintiffs’ counsel and issued a subsequent order on November 14, 2008, that required defendant to produce all notes “wholesale” pertaining to Request 16 “without redaction ... and without regard to whether the document is an itinerary, included in a spiral-bound [green] notebook, part of a [yellow] legal or other [orange] pad or paper or loose, and without regard to the color of the paper.” Additionally, the order also stated that “plaintiffs shall redact any part of any page of notes that contains both responsive and non-responsive materials and make such redactions known to defendant.” (Emphasis added.) Thus, defendant must now produce over 10 years of notes regardless of their relevancy or discoverability.
This order appears to be directly contrary to MCR 2.302(B)(1), inasmuch as plaintiffs have offered no discernable reason why all of defendant’s notes, which include his religious beliefs, private thoughts, personal contacts, etc., are “reasonably calculated to lead to discovery of admissible evidence” in regard to the instant litigation. Instead, the court’s order seems likely to subject defendant to unwarranted “annoyance, embarrassment, oppression, [and] undue burden,” MCR 2.302(C)(1), the very result our court rules are intended to prevent. Thus, I believe there are serious questions concerning whether the court abused its discretion. Further, I find it even more troubling that the court affirmatively represented to defendant that plaintiffs’ Request 16 pertained only to the orange notes, but then essentially penalized him for not producing all types of relevant notes by now requiring that defendant produce all his notes “wholesale” to plaintiffs’ attorney. This seems extraordinarily unfair to defendant and, in my judgment, warrants further consideration by the Court of Appeals.[2]
*1080 Additionally, plaintiffs’ recent appeal to this Court in the companion case of Safranek v Monaghan, Docket No. 138065, raises further concerns that the trial court’s production order risks compromising defendant’s legitimate privacy concerns. During defendant’s intermediate appeal in the instant case, plaintiffs publically disclosed five pages of defendant’s personal notes that had been designated as “confidential.” Because this violated the trial court’s protective order, which requires that plaintiffs take “reasonably appropriate steps ... to preserve the confidentiality of information [designated as] confidential,” defendant moved to have those documents stricken from the record. Recognizing that the trial court specifically “required defendant] to produce [his notes] subject to the protective order,” the Court of Appeals ordered that notes designated as “confidential” be stricken from the record. The court also specified, however, that these documents could still be used in the trial court if the trial court found them to be relevant — a determination that has not yet been made. Nonetheless, plaintiffs have appealed that decision to this Court in Docket No. 138065. In doing so, they argued that these notes are “matters of which the public generally has a right to know,” which is only true in the event the trial court concludes that those documents are relevant to the issues in this case. There is no public “right to know” the personal beliefs and attitudes of a person simply because that person has become a party to a lawsuit, unless such beliefs and attitudes are materially relevant to the lawsuit.
In other words, plaintiffs have appealed whether defendant’s notes, which plaintiffs may still attempt to introduce at trial, should be made public before any determination by the trial court that those documents are indeed relevant to the subject matter of plaintiffs’ claim. Plaintiffs’ interest in publicly disclosing the contents of defendant’s personal notes in this fashion is troubling, and lends strength to the concerns raised by defendant in this appeal, which is that plaintiffs wish to disclose the substance of even irrelevant notes apparently for no other purpose than to publicly denigrate defendant’s personal beliefs and attitudes regarding politics, religion, friends, etc. These personal beliefs and attitudes have no obvious relationship to the issues involved in the instant lawsuit, and are properly made publicly available only after a determination of relevance and materiality.
*1081 Thus, defendant’s concerns appear not to be unwarranted.[3] A party-should not have to undergo an invasion of privacy of this sort in order to defend himself in civil litigation in this state. Therefore, I would remand this matter to the Court of Appeals to consider the propriety of the trial court’s November 14, 2008, order. However, because the majority does not concur with this position, I would respectfully urge the trial court to carefully review and reconsider the breadth of its production order.
Corrigan and Young, JJ. We join the statement of Justice Markman.

 Although the trial court’s order for production is also subject to a protective order, the efficacy of that protective order, as discussed below, has been seriously called into question and in no way alters the onerous burden to produce over 10 years of largely irrelevant notes that the trial court has now imposed on defendant.

 In fight of the trial court’s ruling that defendant, in response to Request 16, was only required to produce the orange notes, it is puzzling how Justice Weaver in her concurrence could assert that this ruling was *1080 “ambiguous.” How could the trial court'have been any more clear that defendant was required only to produce his orange notes? This misapprehension on Justice Weaver’s part also explains her misapprehension concerning defendant’s arguments that he was unfairly treated by being required to produce all of his notes “wholesale,” in apparent response to having violated the initial production order. Finally, even if a litigant has failed to comply with a production order, since when is the appropriate remedy to require the production of irrelevant documents?

 To further emphasize defendant’s concern regarding the trial court’s production order, plaintiffs have acknowledged providing Ave Watch, a public website that is apparently antagonistic to defendant, with copies of defendant’s notes that they consider relevant to this litigation. However, defendant has alleged that one of his notes, which had not yet been filed with the trial court and that defendant had not been afforded an opportunity to designate as “confidential,” was provided to Ave Watch. Defendant alleged that plaintiffs’ counsel used her cell phone to take a picture of this document, which she then sent to Ave Watch. Plaintiffs’ counsel denied this claim and stated that “I’m not even savvy enough to get this thing. I barely can print a blurry thing off my phone. But even if I had I wouldn’t have provided it to [Ave Watch].” However, the note at issue did appear on Ave Watch, <http://avewatch.com/?p=89> (accessed June 1, 2009), accompanied by the following narrative:
[Plaintiffs’ counsel], apparently, was visiting [defendants office in accordance with an earlier Court Order to produce documents. [Plaintiffs’ counsel] was allowed to view only a select subset of [defendants personal notes, and was then denied a request to have any of the notes copied. Why? One sample was preserved as a photo on [plaintiffs’ counsel’s] cell phone.
This note stated, “November 4 Goals; 5 down, 6 to go. 2 leaders gone. Now they are in the minority.”