*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
March 24, 2020

No. 347931
Wayne Circuit Court
LC No. 18-015502-CZ

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition for defendant, denying plaintiff's motion for summary disposition, dismissing plaintiff's amended complaint with prejudice, and awarding sanctions in favor of defendant. We affirm.

The underlying facts of this case originate on November 14, 2018, when plaintiff purportedly sent a Freedom of Information Act (FOIA), MCL 15.231 *et seq*., request via first class mail to defendant's FOIA coordinator, Jack Dietrich. Plaintiff requested nine sets of documents including written and email communications between Detroit's Mayor, Mike Duggan, and Dr. Sonia Hassan from January 2015 to the present, all contracts or employment agreements between defendant and Dr. Hassan from January 2015 to the present, all monetary payments made by defendant to two nonprofit organizations with which Dr. Hassan is associated, and all contracts between defendant and Bill Nowling from January 2015 to the present.

On December 5, 2018, plaintiff's attorney, Andrew A. Paterson, emailed Dietrich asserting that plaintiff had not received a response to his November 14, 2018 request, and therefore, plaintiff intended to file a civil action to compel defendant to disclose the requested documents. Dietrich replied to Paterson the same day informing Paterson that he had not received the November 14, 2018 FOIA request, but he told Paterson that he could email the request and Dietrich would process it. On December 6, 2018, Paterson emailed Dietrich. Paterson did not send the November 14, 2018 FOIA request, but rather, he requested six of the nine sets of documents originally requested by plaintiff. Paterson asserted that "this request is made in accordance with Mich.Const.1963, art 9, sec 23 and not the FOIA. My clients November 14, 2018 FOIA request that was previously

-1-

mailed is separate and distinct from this request." Paterson requested that the documents be made available for inspection by 4:30 p.m. the following day. On December 7, 2018, Dietrich responded to Paterson explaining that defendant had no duty to disclose the documents under article 9, § 23, of Michigan's 1963 Constitution because that section of the Michigan Constitution only applies to " 'summaries, balance sheets and other compilations' and not 'every writing evidencing a receipt or expenditure.' " Dietrich further stated that, "[d]espite the foregoing, and in view of your claim that the City did not timely respond to the purported Nov 14 FOIA, the city has conducted an expedited search for all documents responsive to your Dec 6 email request," and "THERE ARE NO SUCH DOCUMENTS."

On December 6, 2018, one day prior to Dietrich's response, plaintiff filed a complaint for declaratory judgment alleging four counts. Plaintiff requested that the court (1) declare that defendant failed to respond to his November 14, 2018 FOIA request, (2) declare that defendant must immediately disclose the documents requested on November 14, 2018, (3) declare that defendant must immediately disclose the documents requested on December 6, 2018, in accordance with article 9, § 23, of Michigan's 1963 Constitution, and (4) award plaintiff court costs and attorney fees under MCL 15.240(6) of the FOIA. On January 9, 2019, plaintiff filed an amended complaint for declaratory judgment. In the amended complaint, plaintiff no longer alleged claims regarding the November 14, 2018 FOIA request. Rather, plaintiff requested that the court (1) declare that the December 6, 2018 request constituted a "written request" under the FOIA, (2) declare that Dietrich's December 7, 2018 response constituted a "written response" and "final determination" under the FOIA, (3) declare that the documents requested on December 6, 2018, exist and order defendant to immediately disclose the documents in accordance with the FOIA, (4) declare that defendant must immediately disclose the documents requested on December 6, 2018, in accordance with article 9, § 23, of Michigan's 1963 Constitution, and (5) award plaintiff court costs and attorney fees under MCL 15.240(6) of the FOIA. Defendant filed a motion for summary disposition arguing that plaintiff could not maintain claims brought under the FOIA because the December 6, 2018 request was not made in accordance with the FOIA, and defendant had no duty to disclose the requested documents under article 9, § 23, of Michigan's 1963 Constitution. Plaintiff also moved for summary disposition arguing that the court should grant summary disposition for plaintiff on Counts 1, 2, and 4 of plaintiff's amended complaint. Plaintiff also argued that summary disposition was premature in regard to Count 3 because there was a genuine issue of material fact as to whether the requested documents exist. The trial court found that plaintiff's claims were frivolous and made solely to harass defendant. The trial court granted summary disposition for defendant, denied plaintiff's motion for summary disposition, dismissed plaintiff's amended complaint with prejudice, and awarded sanctions for defendant in the amount of $1,000, concluding that the December 6, 2018 request was not a FOIA request. This appeal follows.

## I. THE FOIA AND ARTICLE 9, § 23, OF MICHIGAN'S 1963 CONSTITUTION

### A. THE FOIA

Plaintiff argues that the trial court erred in granting summary disposition for defendant regarding his claims brought under the FOIA. We disagree.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), but the trial court considered evidence outside the pleadings. Therefore, this Court considers the motion as having been decided pursuant to MCR 2.116(C)(10). *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 776; 910 NW2d 666 (2017). This Court reviews a trial court's decision on a motion for summary disposition de novo. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 211; 933 NW2d 363 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare*, *Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ*, *Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (citation and quotation marks omitted). "[S]tatutory interpretation of the FOIA presents a question of law that is subject to review de novo." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015).

"The Freedom of Information Act declares that it is the public policy of this state to entitle all persons to complete information regarding governmental affairs so that they may participate fully in the democratic process." *Arabo*, 310 Mich App at 380 (citation and quotation marks omitted). "[A] public body must disclose all public records that are not specifically exempt under the act." *Id*. (citation and quotation marks omitted). "The FOIA provides that a person has a right to inspect, copy, or receive public records upon providing a written request to the FOIA coordinator of the public body." *Id*. (citation and quotation marks omitted). "[O]nce a request under the FOIA has been made, a public body has a duty to provide access to the records sought or to release copies of those records unless the records are exempted from disclosure." *Id*. (citation and quotation marks omitted).

The following are the relevant provisions of the FOIA regarding the requirements for a written request. MCL 15.233(1)[1] provided that "[e]xcept as expressly provided in [MCL 15.243], upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body." Similarly, under MCL 15.235, "[e]xcept as provided in [MCL 15.233], a person desiring to inspect or receive a copy of a public record shall make a written request for the public record to the FOIA coordinator of a public body." A "written request" is defined as follows: "a writing that asks for information,

---

[1] MCL 15.233(1) was amended on December 28, 2018. The current provision now requires additional material to be provided in the request. However, we have applied the versions of the FOIA in effect at the time of the December 6, 2018 request and Dietrich's December 7, 2018 response herein. "[S]tatutes and amended statutes are to be applied prospectively unless the Legislature manifests an intent to the contrary." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006). "The Legislature's expression of an intent to have a statute apply retroactively must be clear, direct, and unequivocal as appears from the context of the statute itself." *Id*. at 155-156.

-3-

and includes a writing transmitted by facsimile, electronic mail, or other electronic means." MCL 15.232(m). A "writing" is defined as follows:

"Writing" means handwriting, typewriting, printing, photostating, photographing, photocopying, and every other means of recording, and includes letters, words, pictures, sounds, or symbols, or combinations thereof, and papers, maps, magnetic or paper tapes, photographic films or prints, microfilm, microfiche, magnetic or punched cards, discs, drums, hard drives, solid state storage components, or other means of recording or retaining meaningful content.

Upon receipt of a written request, a public body must do the following in accordance with MCL 15.235(2) and (5):

(2) Unless otherwise agreed to in writing by the person making the request, a public body shall respond to a request for a public record within 5 business days after the public body receives the request by doing 1 of the following:

(a) Granting the request.

(b) Issuing a written notice to the requesting person denying the request.

(c) Granting the request in part and issuing a written notice to the requesting person denying the request in part.

(d) Issuing a notice extending for not more than 10 business days the period during which the public body shall respond to the request. A public body shall not issue more than 1 notice of extension for a particular request.

* * *

(5) A written notice denying a request for a public record in whole or in part is a public body's final determination to deny the request or portion of that request. The written notice must contain:

(a) An explanation of the basis under this act or other statute for the determination that the public record, or portion of that public record, is exempt from disclosure, if that is the reason for denying all or a portion of the request.

(b) A certificate that the public record does not exist under the name given by the requester or by another name reasonably known to the public body, if that is the reason for denying the request or a portion of the request.

(c) A description of a public record or information on a public record that is separated or deleted pursuant to [MCL 15.244], if a separation or deletion is made.

(d) A full explanation of the requesting person's right to do either of the following:

(*i*) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the disclosure denial.

(*ii*) Seek judicial review of the denial under section 10.

(e) Notice of the right to receive attorneys' fees and damages as provided in section 10 if, after judicial review, the court determines that the public body has not complied with this section and orders disclosure of all or a portion of a public record.

On December 6, 2018, Paterson emailed Dietrich requesting the following:

On behalf of my client, Robert Davis, in accordance with Mich.Const.1963, art 9, sec., 23, I am respectfully requesting that the following financial documents be made available immediately for public inspection and copying:

1. Copies of any and all monetary payments, including checks, invoices, cancelled checks, check registers, issued to Dr. Sonia Hassan by the City of Detroit or any of its departments from January 2015 to the present.

2. Copies of any and all contacts [sic] and/or employment agreements entered into by and between any employee, agent or representative of the City of Detroit and Dr. Sonia Hassan from January 2015 to the present.

3. Copies of any and all contracts the City of Detroit entered into or have with Bill Nowling from January 2015 to the present.

4. Copies of any and all monetary payments, including copies of checks, the City of Detroit has made to Bill Nowling from January 2015 to the present.

5. A copy of any and all gifts, donations, grants, and/or monetary payments the City of Detroit has made to the nonprofit corporation Mark Your Date Detroit from January 2015 to the present.

6. A copy of any and all gifts, donations, grants, and/or monetary payments the City of Detroit has made to the nonprofit corporation SisterFriends Detroit from January 2015 to the present.

Please be advised that this request is made in accordance with Mich.Const.1963, art 9, sec. 23 and not the FOIA. My client's November 14, 2018 FOIA request that was previously mailed is separate and distinct from this request.

My client desires to publicly inspect the aforementioned financial documents on or before 4:30pm on Friday, December 7, 2018. I look forward to your response.

Plaintiff contends that, despite the language stating that this request was not a FOIA request, the request fulfilled the statutory requirements of a written request under the FOIA.

Plaintiff also argues that, despite Dietrich's reply email failing to conform to all of the requirements set forth under MCL 15.235(5), Dietrich's response nonetheless constituted a written response under the FOIA. Thus, plaintiff contends that he was entitled to declaratory relief in regard to Counts 1 and 2 of his amended complaint because the request and response constituted a "written request" and a "written response," respectively, under the FOIA. Accordingly, plaintiff argues that the trial court erred in granting summary disposition for defendant on Counts 1 and 2. In addition, plaintiff argues that, because the request and response complied with the FOIA, the court erred in granting summary disposition for defendant in regard to Count 3 of plaintiff's amended complaint because plaintiff created a genuine issue of material fact as to whether the requested documents exist. Counts 1 through 3 of plaintiff's amended complaint all arose under the FOIA. Thus, whether defendant had any duty to respond to the request in accordance with the FOIA or to disclose the documents in accordance with the FOIA, the subject of Counts 2 and 3, is dependent on the threshold question of whether plaintiff submitted a "written request" under the FOIA, thereby triggering defendant's obligations under the FOIA.

The December 6, 2018 request fulfilled the basic requirements for a "written request" as set forth by MCL 15.233(1). Paterson sent the request to Dietrich, the FOIA coordinator, in accordance with MCL 15.233(1), and requested information in a typewritten letter sent by electronic mail in accordance with MCL 15.232(l) and (m). However, the issue is whether plaintiff's December 6, 2018 request, which explicitly stated that it was made in accordance with article 9, § 23, of Michigan's 1963 Constitution and not the FOIA, may constitute a properly submitted request under the FOIA.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Zoo Yang v Everest Nat'l Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No 344987); slip op at 3. "To do so, we interpret the words, phrases, and clauses in a statute according to their ordinary meaning." *Id*. at ___; slip op at 3. "However, this Court must construe the FOIA as a whole, harmonizing its provisions." *Arabo*, 310 Mich App at 386 (citation and quotation marks omitted).

Despite the fact that plaintiff's request fulfilled the basic requirements of a "written request," a request made to the FOIA coordinator must be a request made under the FOIA and not under a separate and distinct law. "The FOIA sets forth specific requirements that must be followed in filing and responding to information requests." *Thomas v New Baltimore*, 254 Mich App 196, 201; 657 NW2d 530 (2002). "[O]nce a request *under the FOIA* has been made, a public body has a duty to provide access to the records sought or to release copies of those records unless the records are exempted from disclosure." *Arabo*, 310 Mich App at 280 (citation and quotation marks omitted; emphasis added). Thus, a public body's duty to respond to a request within five days and to provide a final determination is triggered upon receipt of a request made under the FOIA. "[P]ublic bodies and trial courts can only make decisions on FOIA matters on the basis of the information that is before them at the time, and it is not the function of appellate courts to second-guess those decisions on the basis of information that later becomes available." *State News v Mich State Univ*, 481 Mich 692, 703; 753 NW2d 20 (2008). Because duties are imposed on a public body upon receipt of a FOIA request, it would retroactively impose duties on a public body to allow a request made under a different law to later constitute a request made under the FOIA. This is because, on the basis of the explicit language in the request, the public body would not have been prompted to respond in accordance with the requirements of the FOIA. For example,

in this case, plaintiff argues that defendant had a duty under the FOIA to disclose the documents requested on December 6, 2018. Defendant never received a request made under the FOIA, and therefore, defendant had no duty to respond in accordance with the FOIA. In addition, a request made under the FOIA is subject to the FOIA standards for disclosure of documents. Therefore, a person would effectively circumvent the laws and procedures of the FOIA by demanding that the documents be disclosed without the documents ever having been subject to the disclosure requirements.

Here, Paterson emailed Dietrich on December 5, 2018, asserting that Dietrich had failed to respond to plaintiff's November 14, 2018 FOIA request. Dietrich replied the same day, explaining to Paterson that he had not received the November 14, 2018 request. Dietrich also told Paterson to forward the November 14, 2018 FOIA request and Dietrich would process it. Instead of forwarding the FOIA request, Paterson sent another email on December 6, 2018, expressly requesting the documents under article 9, § 23, of Michigan's 1963 Constitution and not the FOIA. Paterson stated twice in his email that he was requesting the documents under the Michigan Constitution. Moreover, in plaintiff's first complaint, plaintiff did not contend that the December 6, 2018 request constituted a FOIA request, but rather, plaintiff maintained that the December 6, 2018 request was made under article 9, § 23, of Michigan's 1963 Constitution, and defendant's duty to disclose the documents arose from an obligation under article 9, § 23, of Michigan's 1963 Constitution. It was not until plaintiff filed his amended complaint, five weeks after Paterson sent the December 6, 2018 request, that plaintiff asserted that Paterson had erroneously stated that the request was not made under the FOIA, but claimed that, despite the erroneous statement, the request nonetheless constituted a "written request" under the FOIA.

As an initial matter, "generally, an attorney's negligence is attributable to that attorney's client[.]" *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 96; 666 NW2d 623 (2003). Moreover, the evidence indicates that plaintiff, through Paterson, intended not to request documents under the FOIA, but rather, under article 9, § 23, of Michigan's 1963 Constitution as illustrated by the express language used in the December 6, 2018 email and plaintiff's continued contention in the original complaint that defendant had a duty to disclose the documents under article 9, § 23, of Michigan's 1963 Constitution. Moreover, Paterson asked for the documents to be disclosed within 24 hours which is not in accordance with the FOIA requirements. Even if Paterson's statement was made in error, the December 6, 2018 request made no indication that it was a request under the FOIA. The request expressly stated that it was made under article 9, § 23, of Michigan's 1963 Constitution, not the FOIA, and that it was a separate and distinct request from plaintiff's prior FOIA request. Because there was no indication that the request was made under the FOIA, defendant had no obligation to respond to the request in a manner consistent with the FOIA requirements.

Therefore, the trial court did not err in declining to hold that the December 6, 2018 request and Dietrich's December 7, 2018 response constituted a written request and response, respectively, under the FOIA. Accordingly, the trial court did not err in granting defendant's motion for summary disposition and denying plaintiff's request for summary disposition in regard to Counts 1 and 2.

Moreover, a determination that plaintiff failed to submit a FOIA request is dispositive as to whether the trial court erred in granting summary disposition for defendant on Count 3. Because

defendant had no duty to respond to the request in accordance with the FOIA, the court did not err in granting summary disposition in regard to Count 3 of plaintiff's amended complaint. In Count 3 of plaintiff's amended complaint, plaintiff requested that the court declare that the requested documents exist and compel defendant to immediately disclose the documents "to Plaintiff in Accordance with FOIA." Despite the fact that plaintiff submitted his own affidavit in the lower court to support that the requested documents did in fact exist, defendant had no duty to disclose the documents in accordance with the FOIA. Thus, plaintiff could not maintain Count 3 brought under the FOIA, and it was irrelevant whether plaintiff presented evidence that the documents exist.

In light of our conclusion regarding plaintiff's FOIA claims, it is not necessary to address defendant's alternate grounds for affirmance—whether plaintiff lacked standing to bring claims under the FOIA and whether plaintiff's amended complaint was defective.

## B. ARTICLE 9, § 23, OF MICHIGAN'S 1963 CONSTITUTION

Plaintiff argues that the trial court erred when it denied plaintiff's request for summary disposition in regard to Count 4 of plaintiff's amended complaint because defendant was required to disclose the requested documents in accordance with article 9, § 23, of Michigan's 1963 Constitution. We disagree.

Article 9, § 23, of Michigan's 1963 Constitution provides: "All financial records, accountings, audit reports and other reports of public moneys shall be public records and open to inspection. A statement of all revenues and expenditures of public moneys shall be published and distributed annually, as provided by law." The documents plaintiff requested are outside the scope of article 9, § 23, of Michigan's 1963 Constitution. This Court interpreted article 9, § 23, of Michigan's 1963 Constitution in *Grayson v Mich State Bd of Accountancy*, 27 Mich App 26, 34-35; 183 NW2d 424 (1970), stating:

> The manifest purpose of article 9, § 23 is to allow the public to keep their finger on the pulse of government spending. The most expeditious way of so doing is to give the public access to summaries, balance sheets, and other such compilations which map out and correlate a myriad of financial transactions into a meaningful account. It strains one's credulity to think that the framers of the Constitution meant to allow the public to inspect every receipt, every application for licensure and every writing evidencing a receipt or expenditure. It is totally unnecessary to give such authority to the public to achieve the purpose aforementioned and such authority could easily serve as a tool to harass governmental agencies by unreasonable demands for great volumes of individual documents. We hold that the public right to information given by article 9, § 23 is best promoted, and the smooth functioning of the government best protected, by construing the words "financial records" to require more than a receipt or document[.]

Two sets of documents requested by plaintiff—"Copies of any and all contacts [sic] and/or employment agreements entered into by and between any employee, agent or representative of the City of Detroit and Dr. Sonia Hassan from January 2015 to the present" and "Copies of any and all contracts the City of Detroit entered into or have with Bill Nowling from January 2015 to the

present"—clearly do not constitute "financial records, accountings, audit reports and other reports of public moneys." Thus, plaintiff is not entitled to those documents under article 9, § 23, of Michigan's 1963 Constitution.

The other documents requested by plaintiff—(1) copies of any and all monetary payments, checks, invoices, cancelled checks, check registers, issued to Dr. Sonia Hassan by defendant or any of its departments from January 2015 to December 2018 (2) copies of any and all monetary payments defendant made to Bill Nowling from January 2015 to December 2018, and (3) copies of any and all gifts, donations, and or monetary payments from defendant to two nonprofit organizations from January 2015 to December 2018—essentially amounted to a request for every expenditure by defendant to Nowling, Dr. Hassan, and the two nonprofit organizations over a nearly four-year period. Plaintiff is not entitled to these documents under article 9 § 23, of Michigan's 1963 Constitution as they do not constitute "summaries, balance sheets, and other such compilations." Furthermore, plaintiff's extensive requests appear to be the exact kind the *Grayson* Court aimed to prevent so as not to allow article 9, § 23, of Michigan's 1963 Constitution to be used as a "tool to harass governmental agencies by unreasonable demands for great volumes of individual documents." *Grayson*, 27 Mich App at 35.

Thus, defendant had no duty to disclose the requested documents under article 9, § 23, of Michigan's 1963 Constitution. Accordingly, the trial court did not err in granting defendant's motion for summary disposition in regard to Count 4 of plaintiff's amended complaint.

In light of our conclusion regarding plaintiff's claim brought under article 9, § 23, of Michigan's 1963 Constitution, it is unnecessary for us to address defendant's alternate ground for affirmance—whether plaintiff had a private right of action under article 9, § 23, of Michigan's 1963 Constitution.

## II. MOTION TO COMPEL THE DEPOSITION OF A NONPARTY

Plaintiff argues that the trial court erred when it denied plaintiff's motion to compel the deposition, or in the alternative for leave to take the deposition, of Dr. Hassan. We disagree.

"This Court reviews a trial court's discovery orders, such as an order to compel, for an abuse of discretion." *PCS4LESS, LLC v Stockton*, 291 Mich App 672, 676; 806 NW2d 353 (2011). "An abuse of discretion occurs when the trial court chooses an outcome falling outside a range of principled outcomes." *Id*. at 676-677.

"The purpose of discovery is to simplify and clarify the contested issues, which is necessarily accomplished by the open discovery of all relevant facts and circumstances related to the controversy." *Hamed v Wayne Co*, 271 Mich App 106, 109; 719 NW2d 612 (2006). "While Michigan is strongly committed to open and far-reaching discovery, a trial court must also protect the interests of the party opposing discovery so as not to subject that party to excessive, abusive, or irrelevant discovery requests." *Planet Bingo*, *LLC v VKGS*, *LLC*, 319 Mich App 308, 327; 900 NW2d 680 (2017). A court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." MCR 2.302(C).

The trial court did not abuse its discretion when it denied plaintiff's motion to compel the deposition of, or in the alternative for leave to take the deposition of, Dr. Hassan pending the court's determination on defendant's motion for summary disposition. Plaintiff requested to take the deposition of Dr. Hassan because plaintiff believed that Dr. Hassan would have firsthand knowledge that the requested documents exist and would reveal such in her deposition. However, at the time the court denied plaintiff's motion to compel the deposition of Dr. Hassan and stayed discovery, defendant had filed its renewed motion for summary disposition challenging the legal sufficiency of plaintiff's amended claims on the basis that plaintiff never submitted a FOIA request, and therefore, defendant had no legal duty to disclose the requested documents under the FOIA. Moreover, defendant contended that it had no legal duty to disclose the requested documents under article 9, § 23, of Michigan's 1963 Constitution. Thus, the threshold questions before the court were whether plaintiff had properly requested the documents under the FOIA, and whether defendant had any duty to disclose the documents. As the court needed to address these threshold questions before the court could address whether the documents existed, the trial court did not abuse its discretion in denying plaintiff's motion to compel, or motion for leave to take, the deposition of Dr. Hassan.

## III. SANCTIONS

Plaintiff argues that the trial court clearly erred in imposing sanctions against him. We disagree.

"This Court reviews a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "A trial court's findings with regard to whether a claim or defense was frivolous, and whether sanctions may be imposed, will not be disturbed unless it is clearly erroneous." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 730; 909 NW2d 890 (2017) (citation and quotation marks omitted). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. (citation and quotation marks omitted).

MCL 600.2591(1) requires a court to sanction an attorney or party that files a frivolous action or defense. MCL 600.2591(1); *Meisner Law Group*, 321 Mich App at 731. MCL 600.2591(3)(a) defines "frivolous" as follows:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.

The trial court did not abuse its discretion in awarding sanctions to defendant. The trial court concluded that plaintiff's primary purpose in initiating this case was to harass defendant. In support of this conclusion, the court found that, upon review of the facts and procedural history of this case, plaintiff's conduct resulted in "a waste of time and resources of the Court and

[defendant]" and the claims in this lawsuit "could have been avoided altogether if Paterson had simply emailed Dietrich a copy of the alleged November 14, 2018 FOIA request and indicated that his request in the December 6, 2018 email was made under FOIA." The facts of this case support the trial court's conclusion. Plaintiff contends that he submitted a written FOIA request via first class mail to Dietrich on November 14, 2018, but when Dietrich explained to Paterson on December 5, 2018, that he had not received the FOIA request but Paterson could email it to Dietrich, Paterson's response was not to send the November 14, 2018 FOIA request or to even submit a new FOIA request. Rather, Paterson requested that the documents be produced within 24 hours, not in accordance with the FOIA, but with article 9, § 23, of Michigan's 1963 Constitution. Plaintiff then filed an amended complaint requesting the court declare the exact opposite—that the documents were requested under the FOIA.

Plaintiff also argues on appeal that the trial court found that plaintiff's claims were frivolous and awarded sanctions for defendant because the trial court was "attempting to intimidate" plaintiff because of his personal relationship with Mayor Duggan. During the hearing on plaintiff's motion to compel the deposition of Dr. Hassan, the trial judge disclosed to the parties, prior to any arguments, that he had worked as general counsel for Wayne County, and therefore, at one point in time, Mayor Duggan had been his boss. The judge also disclosed that plaintiff had been his son's coach and mentor in the past. When asked by the judge whether the parties would like to adjourn the matter as a result of his disclosures, Paterson stated that "[plaintiff] believes you may proceed on this perfectly good basis." Thus, plaintiff waived any claim that the judge was biased. "A waiver consists of the intentional relinquishment or abandonment of a known right." *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018). "[A] party who waives a right is precluded from seeking appellate review based on a denial of that right because waiver eliminates any error." *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014). Moreover, there is no indication on the record that the judge was in any way biased because of his relationship with Mayor Duggan or that he was attempting to intimidate plaintiff by imposing sanctions.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola

-11-